JOHN L. KOUTSKY ET AL., APPELLANTS, V. DAVID H. BOWMAN ET AL., APPELLEES.

62 N. W. 2d 114

Filed January 15, 1954. No. 33403.

*Pilcher & Haney*, for appellants.

*Kennedy, Holland, DeLacy & Svoboda, L. J. Tierney, Swarr, May, Royce, Smith & Story*, and *Mecham, Stoehr, Moore, Mecham & Hills*, for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

SIMMONS, C. J.

This is an action for damages allegedly caused to

plaintiffs' brick building by dirt put against the building, causing the side to be pushed in and the building materially injured.

The plaintiffs owned the building and the lot on which it stands. Immediately adjoining plaintiffs' building to the south is a vacant lot owned by the defendant Bowman. Plaintiffs alleged that defendant McDonald, with the permission of defendant Bowman, dumped dirt on the vacant lot and up and against their building. Issues based on negligence were made and trial had. At the close of plaintiffs' evidence the trial court sustained separate motions of each of the defendants to dismiss. The dismissals were based on a "want of evidence" in each instance.

Plaintiffs appeal. We reverse the judgment and remand the cause.

We determine the contentions advanced by the defendants to sustain the action of the trial court.

Defendant McDonald urges that there is no evidence that he dumped any dirt against the plaintiffs' building. We summarize plaintiffs' evidence as to that question.

The properties here involved are located on the west side of 16th Street in Omaha. The first floor of plaintiffs' building and the surface of the lot are below the level of 16th Street. Sometime in 1948 a Mr. Miller dumped dirt on portions of the lot, but leaving an area unfilled to the south of plaintiffs' building 8 feet wide at the bottom, 16 feet away from the building at the top, and running lengthwise with the building. No damage resulted to the plaintiffs from that operation.

Following the permission given to put dirt on "the lot," to which reference is later made, McDonald "went to filing it up," and he dumped about 3,000 cubic yards of dirt on the vacant lot. The dumping was accomplished by trucks backing into the lot and to a place of unloading. They dumped to the west toward the alley, then to the south, and then to the north. Warning was given by plaintiffs not to dump toward plaintiffs' build-

ing. It was heeded when given. However, in the last 2 days of the operation dirt in quantity was dumped by someone against the plaintiffs' building.

There is no direct evidence by anyone that they saw dirt dumped against the building by McDonald or anyone else. However, the rule is: "Circumstantial evidence can be sufficient to sustain a verdict depending solely thereon for support if the circumstances proved by the evidence are of such a nature and so related to each other that the conclusion reached is the only one that can fairly and reasonably be drawn therefrom." Scarborough v. Aeroservice, Inc., 155 Neb. 749, 53 N. W. 2d 902.

McDonald had an exclusive contract to excavate property at 17th and Leavenworth Streets in Omaha. He owned and operated a number of trucks which bore his own firm name. He used them in this operation together with a number of rented trucks, not otherwise identified, but under his supervision and control. The evidence is that for the 2-week period a continuous procession of trucks were dumping dirt on the Bowman lot. It was the same group of trucks during the 2-week period. Some bore McDonald's firm name and some did not. These trucks came from the north. No other trucks than those above referred to were seen coming to the lot and emptying dirt. All were a part of the "procession." The evidence is also that there was a trail of clay on the pavement from the Bowman lot to the excavation at 17th and Leavenworth Streets. The same group of trucks were observed at the 17th and Leavenworth site, removing dirt and going down Leavenworth and South 16th Streets to the Bowman lot. The trucks all quit coming at the same time after the dirt had been dumped against plaintiffs' building. There has been no dumping since.

The plaintiffs, as against a motion for a directed verdict, are entitled to have every controverted fact resolved in their favor and to have the benefit of every inference

that can reasonably be deduced from the evidence. Davis v. Spindler, 156 Neb. 276, 56 N. W. 2d 107.

Tested by the above rules we think that a jury could properly find that the dirt against plaintiffs' building was placed there by defendant McDonald. It follows that the sustaining of the motion for a directed verdict, for want of evidence as to McDonald's dumping of the dirt that caused the damage, was error.

Defendant Bowman advances the contention that liability is not shown based on the premise that the permission to dump given to McDonald was limited to dumping no closer to plaintiffs' building than the previous dumping, which was 8 feet from the building. The evidence as to that question is given by the general superintendent of McDonald's operations. He testified that he asked permission to dump dirt on "the lot" after asking about the right "to fill it with dirt"; was told "we want to get that lot filled up"; and that he was given authority to "fill it up." He further testified that he was told to "go as far west as the alley"; "to the property line" to the south; "He didn't say we could go north at all"; and "He didn't say we could go any further north."

Defendant Bowman argues that the last two quoted statements limited McDonald's authority to dump dirt on the lot. The authority to "fill it up" obviously relates to the entire lot owned by Bowman. McDonald was given that authority. He was then permitted to go to the west to the alley and to the south to the property line. These were the bounds of the permit given in those two directions. They are obvious restrictions limited to the lot boundaries. The boundary to the north of Bowman's lot was in part at defendant's building. Nothing was said as to that. The permission given to "fill it (the lot) up" was not limited as defendant contends. The sustaining of the motion to dismiss cannot be sustained on the basis of the want of evidence which the defendant suggests.

The judgment of the trial court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.