JOHN F. GERNANDT, APPELLANT, v. THOMAS W. BECKWITH, APPELLEE.

71 N. W. 2d 303

Filed July 1, 1955. No. 33791.

*Schrempp & Lathrop*, for appellant.

*Wear, Boland & Mullin*, for appellee.

Heard before SIMMONS, C. J., CARTER, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ., and FLORY, District Judge.

FLORY, District Judge.

This is an action brought by plaintiff and appellant against defendant and appellee for personal injuries and

property damages sustained by plaintiff as the result of an intersection collision at Thirty-seventh and R Streets in Omaha between plaintiff's motorcycle and defendant's automobile. Defendant was on plaintiff's right but plaintiff claims to have entered the intersection first. The allegations of the pleadings are hereinafter set forth.

At the conclusion of plaintiff's evidence, defendant moved that the case be dismissed for want of evidence, which motion was sustained by the court and the jury discharged and case dismissed. Motion for new trial was filed by the plaintiff, and on the 1st day of February 1955, the motion for new trial was overruled. On the same date notice of appeal to the Supreme Court was filed by the plaintiff.

No extension of time was asked for or granted for the preparation, service, and settling of the bill of exceptions. The bill of exceptions was not settled by the trial judge until the 3d day of June 1955, and on the same date it was filed in the district court for Douglas County and in this court. This court will take judicial notice of the fact that the bill of exceptions was not settled within the time provided by statute, and therefore cannot be considered on this appeal. Bednar v. Bednar, 146 Neb. 726, 21 N. W. 2d 438.

As we may not review the evidence, the only question remaining is whether or not the pleadings support the order of dismissal. Fred Egger Sons v. Welch, *ante* p. 124, 69 N. W. 2d 366.

Plaintiff alleges that when his motorcycle had reached a point at the center of the intersection defendant's automobile collided with him, and further alleges that both Thirty-seventh and R Streets are paved streets intersecting at right angles.

Defendant in his answer alleges that he was operating his automobile in a careful and prudent manner approaching the intersection from plaintiff's right, and that after he had entered the intersection the plaintiff

drove his motorcycle into and against the left side of defendant's automobile. Defendant further alleges that the collision was the direct and proximate result of the negligence of the plaintiff in operating his motorcycle at a rate of speed greater than was reasonable and proper under the circumstances; in failing to accord the right-of-way to the defendant who was on plaintiff's right notwithstanding that the defendant had entered the intersection before the plaintiff; in failing to keep a proper lookout; in turning his motorcycle into and against the left side of defendant's automobile at a time when the defendant was more than halfway across the intersection; and in failing to seasonably apply the brakes on his motorcycle or turn aside to avoid colliding with defendant's automobile.

From plaintiff's allegation that the collision occurred near the center of the intersection, and in the absence of evidence which can be considered, the pleadings sustain the order of the trial court in dismissing plaintiff's case.

Section 39-728, R. R. S. 1943, provides that vehicles approaching an intersection from the right shall have the right-of-way over those approaching from the left when they reach the intersection at approximately the same time, and that in all other cases the vehicle reaching the intersection first shall have the right-of-way. This does not mean that drivers of motor vehicles are permitted to race or to gamble on which vehicle may enter the intersection a few feet ahead of the other. When a collision occurs in the ordinary city or country intersection, unless there is evidence that one of the vehicles was traveling at a very much greater rate of speed than the other, it is self-evident that the vehicles were reaching the intersection "at approximately the same time."

As already pointed out, the pleadings on which the order of the trial court is based are sufficient to support the order, accordingly it is affirmed.

AFFIRMED.