FRED G. CAPPEL, APPELLEE, v. MARLIN D. RIENER, APPELLANT.

93 N. W. 2d 36

Filed November 21, 1958. No. 34433.

*Frank B. Morrison, William W. Lyons,* and *Clyde F. Starrett,* for appellant.

*Charles E. McCarl,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, and BOSLAUGH, JJ.

BOSLAUGH, J.

Appellee sought damages from appellant alleged to have been sustained by the former as the result of an

automobile owned and operated by appellant colliding with an automobile of appellee on an intersection of streets in the city of McCook.

The negligence charged by appellee against appellant was in substance that he failed to respect the right-of-way of appellee to cross the intersection; that the speed of appellant was excessive and such as to endanger other persons and their property and was unreasonable under the existing conditions; that the motor vehicle of appellant was not kept under proper control and its speed was not reduced as it approached and entered the intersection as prudence required it to be; and that appellant did not have a proper lookout for traffic in the intersection and especially the vehicle of appellee. Appellee alleged damages for personal injuries, the destruction of his automobile, loss of the value of time he was disabled from injuries he sustained, and for expenses incurred incident thereto.

The answer of appellant admitted the identity, operation, and collision of the automobiles as alleged by appellee; denied all other allegations of the amended petition; and alleged the destruction of the automobile of appellant and the amount of loss resulting therefrom to him. Appellant pleaded that the collision and damages he claimed were the result of negligence of appellee consisting of his failure to respect the right-of-way of appellant to use the intersection because he was first therein; failure of appellee to operate his automobile at a proper speed under the circumstances; failure to keep his vehicle under proper control; failure to reduce the speed of the vehicle; failure to turn aside and avoid colliding with the automobile of appellant; and failure of appellee to keep proper lookout for traffic in the intersection and especially for the automobile of appellant. He asked to recover the damages he alleged. The new matter in the answer and counterclaim of appellant was put in issue by denial contained in a reply.

The trial of the case resulted in a verdict against ap-

pellee on his amended petition and against appellant on his cross-petition. The trial court rendered a judgment of dismissal of the case. A motion by appellee for a new trial was sustained and from that action of the district court appellant has prosecuted this appeal.

Appellee was at about 5 p. m. on October 12, 1956, traveling south in his 1949 Dodge 4-door sedan on West Third Street towards the intersection of that street with West C Street in the city of McCook. The weather was clear, the sun was shining, and the streets were dry. Appellee intended to cross the intersection and continue therefrom farther south. He approached the intersection at a speed estimated by him to be 10 to 15 miles per hour. There was evidence that he had stated in conversation that his speed was between 20 to 25 miles per hour. He had been an operator of automobiles for about 30 years and was acquainted with the intersection. A building at the northeast corner thereof was built up to the inside sidewalk line on the west and south of the building. There was a parking area for vehicles west of the building between the east curb line of West Third Street and the west sidewalk line. It was 42 feet long and about 15 feet wide. It was entirely occupied with parked vehicles when appellee passed it at the time mentioned above. There were also vehicles parked along the curb south of the building on the north side of West C Street at that time. The building and parked vehicles interfered with the view of a traveler from the north on West Third Street to the east down West C Street and with the view of a traveler from the east on West C Street to the north down West Third Street.

Appellee as he approached the intersection at the speed stated looked for traffic in or near it. He first looked to his left, then to his right, and turned to look to his left again when he saw the automobile of appellant as it collided with the automobile of appellee. He was rendered unconscious and realized nothing there-

after until he recovered consciousness in the hospital where he was taken immediately after the collision. Appellee testified that the speed of the automobile of appellant immediately before the collision was more than 25 and as much as 30 miles per hour. Appellee suffered multiple serious injuries and his automobile was demolished beyond repair.

Appellant had lived in McCook and was familiar with the intersection and its surroundings where the collision occurred. He was 19 years of age. He was operating a 1951 Chevrolet 2-door automobile on West C Street in McCook traveling west at the time of the collision. When he approached the intersection of that street with West Third Street he said he looked to his right, then to his left, and as he was looking back to his right he knew there was going to be a collision of his automobile and the automobile of appellee. Appellant claimed his vehicle was hit by the vehicle of appellee. Appellant testified that he did not see the automobile of appellee until it struck the Chevrolet automobile. He estimated the speed he was traveling was 20 or 25 miles per hour. He did not claim, nor was there evidence produced, that he changed his course, manner, or speed of travel as he went west to and into the intersection and collided with the automobile of appellee. The record contains no proof that appellant was first to enter the intersection.

The place of contact of the automobiles at the time of the collision was the left front of the Dodge car and the right front of the Chevrolet car. The automobile of appellee was forced and skidded from the place where the collision occurred, as demonstrated by tire marks on the pavement, until it came to rest toward the west side of the intersection, standing north and south with the front end almost due west of the place of the collision. The automobile of appellant traveled after the collision in a circular course to the southwest, south of the intersection, crossed the curb on the west side of West Third Street, curved to the northwest, crossed the

curb on the south side of West C Street west of the intersection, struck two parked automobiles near the curb on the south side of West C Street, and stopped between the two parked cars. The distance the Chevrolet automobile traveled after the collision, measured on a straight line and disregarding the arc of its travel, was 82½ feet.

Appellee as he approached the intersection was to the right of appellant. There is no proof that the appellant reached or entered the intersection first. This record presents a situation in which the operators of two automobiles did, within the meaning of the law, approach an intersection at approximately the same time. Appellee had the right-of-way and was entitled to cross the intersection first.

Gernandt v. Beckwith, 160 Neb. 719, 71 N. W. 2d 303, states: "When a collision occurs in the ordinary city or country intersection, unless there is evidence that one of the vehicles was traveling at a very much greater rate of speed than the other, it is self-evident that the vehicles were reaching the intersection 'at approximately the same time.'"

Long v. Whalen, 160 Neb. 813, 71 N. W. 2d 496, contains the following: "The drivers of vehicles approach an intersection at approximately the same time whenever the two vehicles are in such relative position that upon appraisal of all factors it should appear to a man of ordinary prudence approaching from the left that there is danger of collision if he fails to yield the right-of-way."

Appellant maintains he looked for other traffic as he approached the intersection but he did not see appellee until the time of the collision. It is certain that the automobile of appellee was there and appellant was required to have seen it. He may not, as a matter of law, be heard to say he did not see what was there within the radius which denoted the limit of danger. This failure of appellant to see the automobile which was

favored over him under the rules of the road barred him from any recovery from appellee.

Whitaker v. Keogh, 144 Neb. 790, 14 N. W. 2d 596, states: "The driver of an automobile entering an intersection of two streets or highways is obligated to look for approaching cars and to see those within that radius which denotes the limit of danger. * * * If the driver of an automobile entering an intersection looks for approaching vehicles but fails to see one which is favored over him under the rules of the road, he is guilty of contributory negligence sufficient to bar a recovery as a matter of law." A part of the discussion in the opinion is as follows: "We think, however, that a proper interpretation of the foregoing rules requires one to see other automobiles approaching or entering intersections which have been favored with the right of way under the statutory rules of the road, and the failure to see such a favored car bars recovery. To hold otherwise would permit one to ignore the rules of the road as to right of way with impugnity (impunity) and render valueless the beneficent purpose of the right of way statute by the mere expedient of saying that he did not see the approach of the favored car." See, also, Kohl v. Unkel, 163 Neb. 257, 79 N. W. 2d 405; Maska v. Stoll, 163 Neb. 857, 81 N. W. 2d 571.

The trial court in the charge to the jury recited the substance of the contents of the cross-petition of appellant and included in it the following: "* * * if you find that the defendant has established each and every allegation of his cross petition, by a preponderance of the evidence, and that he is entitled to recover damages on account of the injury and damage to his automobile as a direct and proximate result of the collision involved herein, then your verdict should be for the defendant. The measure of defendant's damages is the difference between the reasonable value of defendant's car immediately before the collision involved herein and immediately after the collision involved herein."

Appellant could not have recovered in any event on his cross-petition because of what has been herein determined. The cross-petition should not have been presented to the jury. It, as the case developed, contained matter which was entirely immaterial but it could and it may have defeated appellee on his cause of action. A trial court should eliminate immaterial and superfluous matters and submit to the jury by instructions only matters properly to be decided by it in arriving at its verdict. Greyhound Corp. v. Lyman-Richey Sand & Gravel Corp., 161 Neb. 152, 72 N. W. 2d 669; Bramhall v. Adcock, 162 Neb. 198, 75 N. W. 2d 696; Strnad v. Mahr, 165 Neb. 628, 86 N. W. 2d 784.

A charge of negligence made by appellee against appellant was in substance that he operated his automobile into the intersection where the collision occurred at a speed that endangered other persons and their property and greater than was reasonable and prudent under the then existing conditions. This charge was entirely omitted from the instructions given the jury by the trial court. There were matters in the proof tending to support the charge. It should not have been omitted. It is the duty of the trial court to submit to the jury a material matter pleaded if it is supported by evidence tending to establish the truth of it. Shields v. County of Buffalo, 161 Neb. 34, 71 N. W. 2d 701; Coyle v. Stopak, 165 Neb. 594, 86 N. W. 2d 758.

The judgment should be and it is affirmed.

AFFIRMED.

WENKE, J., participating on briefs.