VINCENT J. COSTANZO, APPELLANT, V. TRUSTIN MANUFACTURING CORP., A CORPORATION, ET AL., APPELLEES.
125 N. W. 2d 556

Filed December 20, 1963. No. 35525.

Morgan, Carnazzo & Todero and Walsh & Walsh, for appellant.

Stoehr, Rickerson, Sodoro & Caporale and Frank Meares, for appellees.

Heard before WHITE, C. J., CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

WHITE, C. J.

Plaintiff appeals from a verdict directed against him in a negligence case arising out of a nonarterial inter-section automobile accident at Twenty-sixth and Marcy Streets, Omaha, Nebraska. The question is whether there was sufficient evidence on the pleaded issues of negligence and contributory negligence to require the court to submit these issues to the jury. In resolving this question, we test the evidence against the rule that all conflicts in the evidence are resolved in favor of the plaintiff, that he must have the benefit of every reasonable inference to be deduced from the evidence, and that if reasonable minds might draw different con-clusions from a set of facts thus resolved in favor of the plaintiff, the issues of negligence and contributory negligence should be submitted to the jury. Sekora v. Mangers, 171 Neb. 868, 108 N. W. 2d 240; Hammond v. Morris, 147 Neb. 600, 24 N. W. 2d 633; Koutsky v. Bowman, 157 Neb. 919, 62 N. W. 2d 114.

Plaintiff's car, on the left of the defendant driver and going north, collided with defendants' station wagon, on the right and going west, at about 8 a.m., April 1, 1959, near the center of the dry, paved intersection of

Twenty-sixth and Marcy Streets, Omaha, Nebraska. Both Marcy and Twenty-sixth Streets are about 23 feet wide and parked cars continuously lined both sides of each street from which the drivers approached, leaving one lane of traffic open for approaching the intersection.

Was there sufficient evidence to submit the issue of negligent speed as to the defendants? The applicable speed limit at this intersection was 25 miles per hour. § 39-7,108, R. R. S. 1943. Within the applicable statutory or ordinance limit, the speed of an automobile is unlawful if it is found to be unreasonable or imprudent under the existing circumstances. § 39-7,108, R. R. S. 1943. See, also, Hilferty v. Mickels, 171 Neb. 246, 106 N. W. 2d 40; Tews v. Bamrick, 148 Neb. 59, 26 N. W. 2d 499.

Reduction of speed when crossing an intersection, when traveling on a narrow road, or when special hazards exist with respect to the condition of the roadway is demanded by the statute. See § 39-7,108, R. R. S. 1943. Plaintiff's car, about 17 feet long, was stopped on Twenty-sixth Street at the south curb line of Marcy Street, and the lane of travel between the parked cars to the east on Marcy Street was free of vehicles for about a half a block or 140 feet. Plaintiff's evidence is that he looked at the time he stopped, both to the right and to the left, and that he could observe if there were approaching vehicles in the one-half block to the right or east from which the defendants' car approached. He saw no vehicle approaching at that time or any other time. Marcy Street is only 23 feet wide. The point of impact was very close to, and slightly to the east of, the center of the intersection, the impact of the defendants' car being from near the center to the right rear of plaintiff's automobile. It is reasonably inferable that the plaintiff traveled 20 to 25 feet at a speed accelerating from a stop to not over 10 miles per hour, while the defendant driver would have traveled a distance of at least 140 feet in a narrowed one lane

of traffic between parked cars on Marcy Street. A comparison of the time-distance proportions could lead to a conclusion that the defendant driver was traveling over 30 miles per hour depending on a determination of the average speed of the plaintiff's vehicle from his stopped position up to impact. There is also evidence of defendants' car laying down 18 to 20 feet of skid marks, and the force of the impact knocked plaintiff's car diagonally northwest into a utility pole over the curb line on the northwest corner of the intersection. Since there is no testimony of the defendants, the verdict being directed at the close of plaintiff's evidence, and since plaintiff never saw defendants' station wagon, the testimony as to speed is circumstantial in nature. It is well settled that circumstantial evidence is sufficient to sustain a charge of unlawful speed, and may be sufficient to overcome direct evidence, which is usually based on opinion estimates. See Hilferty v. Mickels, *supra*. It seems to us there was ample circumstantial evidence to require the submission of the issue of negligence as to speed to the jury. By this holding, we do not limit the range of submissible issues of negligence as there is no evidence on behalf of the defendants in the record before us.

The defendants contend that the plaintiff was guilty of contributory negligence as a matter of law. This contention is based essentially on the proposition that the two vehicles were approaching the intersection "at approximately the same time," § 39-728, R. R. S. 1943; that the plaintiff was on the left at a nonfavored, unprotected intersection; and that his failure to see the defendants' vehicle on the right and in the favored position bars his recovery as a matter of law. Cappel v. Riener, 167 Neb. 375, 93 N. W. 2d 36; Gernandt v. Beckwith, 160 Neb. 719, 71 N. W. 2d 303; Kohl v. Unkel, 163 Neb. 257, 79 N. W. 2d 405. Our recent decisions in Long v. Whalen, 160 Neb. 813, 71 N. W. 2d 496, and Gernandt v. Beckwith, *supra*, have attempted to reduce to clarity

the principles upon which may be resolved the familiar and often irreconcilable conflict of who reached the intersection first in a physical or mathematical sense, and therefore was in the favored position under section 39-728, R. R. S. 1943.

It is true that plaintiff did not see defendants' vehicle at all and that the collision was almost at the center of this nonprotected intersection. Without further evidence, the failure to look or to see in this situation bars recovery. Whitaker v. Keogh, 144 Neb. 790, 14 N. W. 2d 596; Gernandt v. Beckwith, *supra;* Cappel v. Riener, *supra.* But before a verdict can be directed against a motorist for failing to see an approaching vehicle at a nonprotected intersection, the position of the approaching vehicle must be undisputedly located in a favored position. Whitaker v. Keogh, *supra;* Gorman v. Dalgas, 151 Neb. 1, 36 N. W. 2d 561; Elliott v. Swift & Co., 151 Neb. 787, 39 N. W. 2d 617; Sekora v. Mangers, *supra.* In this determination, unlawful speed forfeits an otherwise favored position. § 39-751, R. R. S. 1943; Thomas v. Owens, 169 Neb. 369, 99 N. W. 2d 605. The jury here, as we have pointed out, could have found an unlawful speed on the part of the defendant driver in approaching the intersection. The defendant driver, therefore, was not undisputedly located in a favored position within the meaning of the rules announced. Outside of the question of right-of-way, however, the defendants contend that it is conclusively established from plaintiff's own testimony that he did not see defendants' vehicle within the radius which denotes the limit of danger and, therefore, under our decisions is guilty of contributory negligence as a matter of law. The proper interpretation of the rule requiring seeing a vehicle within the limits of danger, as it relates to the direction of a verdict against a party not seeing a vehicle, is stated in Sekora v. Mangers, *supra,* at p. 877: " 'The rules in this state are: "* * * when a person enters an intersection of two streets or highways he is obligated to look

for approaching cars and to see those within that radius which denotes the limit of danger. * * * If he fails to see an automobile not shown to be in a favorable position, the presumption is that its driver will respect his right of way and the question of his contributory negligence in proceeding to cross the intersection is a jury question. * * * Before a verdict can be properly directed in such a case the position of the defendant's car must be definitely located in a favored position, otherwise the question becomes one for the jury. * * * Where he looks and does not see an approaching vehicle, or, seeing one, erroneously misjudges its speed or distance, or for some other reason assumes that he can proceed and avoid a collision, the question is usually one for the jury." Whitaker v. Keogh, 144 Neb. 790, 14 N. W. 2d 596.' See, also, Elliott v. Swift & Co., 151 Neb. 787, 39 N. W. 2d 617; Ripp v. Riesland, 170 Neb. 631, 104 N. W. 2d 246."

In this case, there is no evidence as to the location of the defendants' vehicle at any time prior to the collision. Because of the evidence as to speed, no inference as to the range of danger may be drawn from the fact the vehicles collided at or near the center point of the intersection. It may not be said that it is conclusively established that the defendants' vehicle was within the limit of danger. The position of the oncoming vehicle must be definitely located within the radius that denotes the limit of danger before a verdict can be directed. Whitaker v. Keogh, *supra;* Pupkes v. Wilson, 172 Neb. 15, 108 N. W. 2d 220. The factual determination of the radius of the range of danger under the circumstances, whether defendants' car was within it, the speed of the defendants' car, and whether the resolution of these questions placed the defendant driver on the right in a favored position are all questions for the jury.

We realize that, under our decisions construing the right-of-way statute, section 39-728, R. R. S. 1943, the mathematical determination of who reaches an inter-

section first by a few feet should not be controlling. Gernandt v. Beckwith, *supra;* Long v. Whalen, *supra.* The true test is whether, considering the elements of speed, lookout and control, and the particular circumstances of the case, there is imminent danger of collision if the car on the left proceeds into the intersection. The statute contemplates that the driver on the left entering first has the right-of-way when outside the range of "at approximately the same time." According to plaintiff's testimony, he stopped, made the proper required observations, and proceeded into the intersection first at a time when there was no reasonable chance of collision. Under this set of facts, he would be in a favored position and entitled to have the very principles of law contended for by the defendants applied to the conduct of the driver of the defendants' vehicle. The evidence as to speed negatives the drawing of any conclusive inference from the positioning of the cars in the center of the intersection at impact. Whether the testimony of the plaintiff is true, and if true, whether his conduct was careful within the meaning of the comparative negligence statute, are questions for a jury to decide. The force of the defendants' contention is directed towards the credibility and the weight of the plaintiff's evidence, but does not destroy its legal sufficiency to warrant a jury determination. The judgment of the district court in directing a verdict is in error and is reversed, and the cause is remanded for further proceedings.

REVERSED AND REMANDED.