WARREN E. HAYES, APPELLANT, v. ANDERSON CONCRETE COMPANY, INC., A CORPORATION, ET AL., APPELLEES.

186 N. W. 2d 477

Filed April 30, 1971. No. 37741.

Martin A. Cannon of Matthews, Kelley, Cannon & Carpenter, for appellant.

Walsh, Walentine, Wolfe, Miles & Katskee, for appellee Anderson Concrete Co., Inc.

. Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

McCOWN, J.

This is an action for personal injuries arising out of a collision between two trucks at an intersection. The issues were submitted to the jury and the verdict was for the defendant. We affirm the judgment.

The accident occurred at the intersection of 132nd

and L Streets in the outskirts of Omaha, Nebraska, on November 9, 1967, on a clear, dry afternoon. There are four lanes for through traffic, two in each direction, on both 132nd Street and L Street. There are traffic islands in the center of both streets in both directions from the intersection. The intersection is protected by traffic lights, but without left-turn signals. L Street is a divided highway at this point and the posted maximum speed limit on L Street, both east and west of 132nd Street, was 60 miles per hour. L Street runs generally east and west at the intersection, curving to the north some distance west of the intersection. At the intersection, 132nd Street runs generally north and south. There are left-turn holding lanes next to the traffic islands on L Street, both east and west of the intersection.

Plaintiff, Warren E. Hayes, was the driver of a truck owned by Ready Mixed Concrete Company. The truck was empty at the time. He was driving west on L Street and preparing to turn left at 132nd Street. The defendant's semi-trailer truck, loaded with 39,000 pounds of gravel, was being driven east on L street in the outside lane for through traffic. The driver was Forest Rainey, Jr. As the defendant's truck came around the curve to the west of the intersection, the traffic light was red. Defendant's driver began slowing down. His speed dropped to about 30 to 35 miles per hour as he approached the intersection. The light then turned green and he shifted gears and commenced to accelerate. Meanwhile, the plaintiff had followed another concrete-mixer truck driven by a fellow employee into the left-turn lane to the east of the intersection. That truck was stopped and waiting for the red traffic light. There was another truck driver behind the plaintiff in the left-turn lane. Both the driver ahead of the plaintiff and the one behind testified that while they were approaching or waiting at the red light, they saw the defendant's truck approaching from the west. When the light turned green, the driver in the truck ahead of the plaintiff pulled into the

intersection, turned left on 132nd Street, and drove out of the intersection without incident.

The plaintiff entered the intersection, began his left turn, and proceeded to the point of collision. The plaintiff testified that he had no recollection of any of the events after he started into the intersection. He testified that his turn signals were on. Several other witnesses did not see any turn-signal lights on plaintiff's truck. His speed was categorized as "just barely moving" or 3 or 4 miles an hour. There were no obstructions to vision for either driver.

The defendant's driver saw the first truck complete its left turn and drive out of the intersection; saw the plaintiff in the left-turn lane; and saw him moving forward. It appeared to him that the plaintiff had stopped and was waiting for him. He looked to his right and when he next saw the plaintiff's truck, it was almost in front of him. His speed was then 40 to 45 miles per hour. He put on his brakes, veered to the right and the two trucks collided in the southwest portion of the intersection.

The plaintiff's assignments of error are directed primarily at instructions omitted, refused, or given. The complaints as to instructions may be summarized as charging that the court refused to instruct the jury that the plaintiff had the right-of-way as a matter of law; that the defendant was negligent as a matter of law; or that the plaintiff was free from contributory negligence as a matter of law. The plaintiff's position, in reality, is that a left-turning motorist who was first in an intersection has an absolute right-of-way without any duty of lookout. Such a rule would only promote a blind race for an intersection and is clearly erroneous.

A driver of a motor vehicle has the duty to keep a proper lookout and watch where he is driving, even though he has the right-of-way. When one being in a place of safety sees, or could have seen, the approach of a moving vehicle in close proximity to him and moves

from the place of safety into the path of such vehicle, and is struck, his own conduct constitutes contributory negligence. Thomas v. Owens, 169 Neb. 369, 99 N. W. 2d 605.

The court fully instructed the jury as to right-of-way, signaling, and lookout, including the statutory provisions involved. The instructions fully and fairly submitted all of the issues to the jury. Instructions must be taken as a whole and construed together, and where the instructions covered the issues and fairly submitted the case to the jury, the jury's verdict will not be disturbed unless it is clearly erroneous. See Marquardt v. Nehawka Farmers Coop. Co., 186 Neb. 494, 184 N. W. 2d 617.

The plaintiff asserts that his motion for directed verdict should have been granted and that on the evidence here, the defendant was guilty of negligence as a matter of law and the plaintiff was not guilty of contributory negligence as a matter of law. Under any of these contentions, the defendant, as the successful party, was entitled to have every controverted fact resolved in his favor and to have the benefit of every inference that can reasonably be deduced from the evidence. See, Marquardt v. Nehawka Farmers Coop. Co., *supra;* Thomas v. Owens, *supra.* The issues were clearly for the jury and they were determined by the jury.

The judgment is affirmed.

AFFIRMED.