327 N.W.2d 43 (1982)
212 Neb. 933
C. Wayne ZEIGER, Appellant,
v.
FARMERS CO-OP ASSOCIATION OF YORK et al., Appellees.
No. 82-340.
Supreme Court of Nebraska.
December 3, 1982.
*44 Knudsen, Berkheimer, Richardson & Endacott, Lincoln, for appellant.
Theodore L. Kessner of Crosby, Guenzel, Davis, Kessner & Kuester, Lincoln, for appellees.
Submitted without oral argument.
Before KRIVOSHA, C.J., and BOSLAUGH, McCOWN, CLINTON, WHITE, HASTINGS, and CAPORALE, JJ.
WHITE, Justice.
The plaintiff, C. Wayne Zeiger, brought suit in the District Court for Otoe County, Nebraska, for property damage, medical expense, and personal injury incurred as the result of a collision between plaintiff's van and defendant Farmers Co-op Association's (Co-op) semitruck driven by its employee, Keith W. Sanmann. The trial court submitted the cause to a jury on the negligence of defendant's driver and contributory negligence of the plaintiff. The jury returned a general verdict for the defendants. Plaintiff appeals. We reverse and remand.
Two assignments of error are urged: (1) The trial court erred in failing to direct a verdict for the plaintiff on the issue of defendants' liability and in failing to instruct the jury that defendants were liable to the plaintiff as a matter of law, and (2) In the alternative the court erred in failing to direct a verdict for the plaintiff on the issue of defendants' negligence and in failing to instruct the jury that defendants were negligent as a matter of law. We sustain the second assignment, but we overrule the first.
The plaintiff was, on the accident date, May 20, 1978, employed as plant manager of the American Cyanamid Company plant near Weeping Water, Nebraska. Mr. Zeiger left the plant at approximately 11 a.m. via a county road and thence right onto Highway 50 in a southerly direction. The Co-op truck was in front of the Zeiger van and also traveling south. The Co-op driver was enroute from a corn delivery to the Hopper quarries whose private drive (the site of the accident) is on the east side of Highway 50 and approximately 2,200 feet from the point where Zeiger entered the highway.
According to the testimony of the Co-op driver he passed the Weeping Water turnoff at about 40 to 45 miles per hour. Highway 50 immediately south of the turnoff is level for approximately 800 feet, ascends a small hill for approximately 1,000 feet and levels off about 400 feet from the *45 accident site. From a point 1,400 feet from the site, there is a no passing zone for southbound traffic marked by a solid yellow line. The solid yellow line extends to approximately 400 feet from the private drive. A second lane for southbound traffic begins approximately at the point where the no passing zone begins, and the lane extends to approximately 600 feet beyond the private drive.
The Co-op driver at all times drove in the easternmost of the two southbound lanes. When his truck reached the point about 400 feet north of the drive, his speed was 40 miles per hour. He checked his mirrors, left and right, and saw no southbound traffic behind him. He testified the distance was 300 to 350 feet from the drive. He engaged his left-turn signals on the tractor and the trailer. At about 250 to 300 feet from the drive he again looked in his rearview mirrors, saw no one, and down-shifted to begin slowing for the turn. His brakes were never applied. When he was 25 feet from the driveway he commenced his left turn, to the extent that his left front wheel was 2 to 3 feet across the centerline. At that time he looked in his left-hand mirror and saw plaintiff's van for the first time, an estimated 80 feet behind his trailer and partially in the northbound lane, apparently in the act of passing defendant's truck. At the same time that he saw plaintiff he heard squealing of tires and saw plaintiff begin to turn back into the southbound lane. Plaintiff's van struck the right rear of the truck with the left front of the van. The point of impact was approximately 4 feet 7 inches west from the line dividing the north and southbound lanes.
No evidence was introduced which would have required the trial court to hold as a matter of law that plaintiff was contributorily negligent, nor does defendant Co-op contend otherwise in this court.
Did the trial court err in failing to find as a matter of law that the Co-op driver was negligent? We are convinced that it was.
We have uniformly held that "The most dangerous movement on public streets or highways is the left-hand turn. While the left-hand turn at intersections is within the purview of this statement, the left-hand turn across a favored public highway between intersections is a particularly dangerous one. Legislatures have seen fit to regulate such movements and courts have required a degree of care commensurate with the danger. The language of our statute states that no person shall turn a vehicle from the direct course upon a highway unless such movement can be made with reasonable safety, and then only after giving the statutory signal. In other words, the giving of the statutory signal is not enough, one must exercise reasonable care under all the circumstances. He cannot rely on holding out his arm and trust that all may see it. He must take reasonable precautions for his own safety and the safety of others before he undertakes a left turn between intersections where such movements are not anticipated." Petersen v. Schneider, 153 Neb. 815, 819, 46 N.W.2d 355, 358 (1951); Rowedder v. Rose, 188 Neb. 664, 199 N.W.2d 18 (1972).
In the case before us the defendant's driver looked to the rear when he was 250 to 300 feet from the drive, and then did not look again until after the turn was started and it was too late to avoid a collision. "The requirement that one must look to the front and rear before making a left turn between intersections is not met by looking at a point 200 feet distant from the place of the intended left turn. One must look at a time when possible danger could be observed. The observations must be made immediately before the impending movement; otherwise, as in this case, the observation would be completely ineffective for the accomplishment of the purpose intended." Petersen v. Schneider, supra 153 Neb. at 820, 46 N.W.2d at 358-59.
The failure to look at a time when looking would have been effective was negligence as a matter of law, and the court was in error in not so holding and instructing the jury.
At the same time we are not convinced that plaintiff was entitled to a directed *46 verdict of liability. The driver of the Co-op truck testified that the left-turn signal was on 350 feet from the driveway. Plaintiff had an available lane to pass to the right of the defendant's truck. There was evidence from which a finder of fact could hold that plaintiff himself was contributorily negligent. Indeed, the jury may have so found, but we cannot discern this from a general verdict.
The judgment is reversed and the cause remanded for a new trial.
REVERSED AND REMANDED FOR A NEW TRIAL.