EDWARD H. KENDALL, APPELLEE, v. DALE W. HONGSERMEIER, APPELLANT.

347 N.W.2d 855

Filed April 27, 1984. No. 83-399.

Luebs, Dowding, Beltzer, Leininger, Smith & Busick, for appellant.

Cunningham, Blackburn, VonSeggern, Livingston, Francis & Riley, for appellee.

KRIVOSHA, C.J., and CAPORALE, J., and McCOWN and BRODKEY, JJ., Retired, and RONIN, D.J., Retired.

CAPORALE, J.

As the result of an automobile accident at an uncontrolled intersection, plaintiff-appellee, Edward H. Kendall, obtained a county court judgment in a trial without a jury against defendant-appellant, Dale W. Hongsermeier. That judgment was affirmed by the district court. We reverse and remand to the district court with directions to remand to the county court for dismissal.

On April 2, 1981, at approximately 8:45 in the morning, the vehicles operated by the parties collided at West Third and Myrtle Streets in Alda, Nebraska.

Kendall testified that he was traveling eastward at a little under 20 miles per hour. As he approached the intersection he first looked to his left and, when 40 to 50 feet from the intersection, looked to the right and saw the Hongsermeier station wagon traveling north. At that time the Hongsermeier vehicle was approximately 140 to 150 feet away. It did not appear to Kendall that Hongsermeier was speeding. Kendall looked left again and then proceeded into the intersection without again looking to the right before entering it. Kendall next saw the Hongsermeier vehicle while Kendall was in the intersection, at which time he noted that Hongsermeier was looking not in the direction of his travel but to the east at

an empty lot. Kendall swerved to his left but could not avoid the collision.

Hongsermeier testified that he was traveling northward and approached the intersection while traveling in the 20-mile-per-hour range. He did not see the Kendall vehicle until impact.

The parties made essentially the same statements to the investigating State Patrol trooper. The trooper testified that there were no obstructions to either party's view, and also testified, without objection, that the point of impact was 27 feet from the southwest corner and 17 feet from the "opposite corner," in the northbound lane of Myrtle Street.

Among other assignments Hongsermeier claims the district court erred in affirming the county court's judgment, which erred in failing to find that Kendall was contributorily negligent in a degree sufficient to bar his recovery as a matter of law.

Hongsermeier contends that the two vehicles were approaching the intersection at "approximately the same time," and, as he was on the right, he was in the favored position under Neb. Rev. Stat. § 39-635(1) (Reissue 1978), which provides: "When two vehicles approach or enter an intersection from different roadways at approximately the same time, the driver of the vehicle on the left shall yield the right-of-way to the vehicle on the right." Therefore, he argues, Kendall was more than slightly negligent as a matter of law in failing to yield the right-of-way, and consequently is barred from recovery, irrespective of Hongsermeier's negligence.

We agree. The statute is intended to avoid collisions between vehicles at intersections. The right-of-way is therefore not to be determined by the single test of which vehicle actually entered the intersection first. The driver who does not have the right-of-way is not justified in taking close chances, but has the duty to yield if there is a reasonable risk of collision should both vehicles continue on their course. *Weber v. Southwest Nebraska Dairy Sup-*

*pliers, Inc.*, 187 Neb. 606, 193 N.W.2d 274 (1971), *appeal after remand* 190 Neb. 389, 208 N.W.2d 667 (1973). The same thought was expressed earlier in *Gernandt v. Beckwith*, 160 Neb. 719, 721, 71 N.W.2d 303, 304 (1955):

> [The right-of-way statute] does not mean that drivers of motor vehicles are permitted to race or to gamble on which vehicle may enter the intersection a few feet ahead of the other. When a collision occurs in the ordinary city or country intersection, unless there is evidence that one of the vehicles was traveling at a very much greater rate of speed than the other, it is self-evident that the vehicles were reaching the intersection "at approximately the same time."

*Malcom v. Dox*, 169 Neb. 539, 100 N.W.2d 538 (1960), makes the point that two vehicles approach an intersection at approximately the same time whenever they are in such relative positions that it would appear to one of ordinary prudence approaching from the left that there is danger of collision if he fails to yield.

Kendall places heavy reliance on the language in *Costanzo v. Trustin Manuf. Corp.*, 176 Neb. 136, 125 N.W.2d 556 (1963), that where one sees an approaching vehicle but misjudges its speed or distance, or for some other reason assumes he can proceed and avoid a collision, the question is for the jury. This reliance is misplaced. In *Costanzo* there was no evidence which established the relative position of the two vehicles with respect to the intersection at any given instant. The language of the *Costanzo* court made the significance of that circumstance clear at 141, 125 N.W.2d at 559: "It may not be said that it is conclusively established that the defendants' vehicle was within the limit of danger."

Kendall's own testimony is that when he was 40 to 50 feet from the intersection, Hongsermeier was 140 to 150 feet away, a difference of but 100 feet between the distances of the two vehicles from the intersec-

tion. The Hongsermeier vehicle was within the limit of danger when Kendall first saw it. Having observed that condition, Kendall was negligent in a degree more than slight as a matter of law in entering the intersection without again determining the position of the vehicle on his right and yielding to it. He is therefore barred from recovery as a matter of law. Neb. Rev. Stat. § 25-1151 (Reissue 1979).

REVERSED AND REMANDED WITH DIRECTIONS.