EDITH M. CIRCO, APPELLEE, V. TRANSIT AUTHORITY OF THE CITY OF OMAHA, DOING BUSINESS AS METRO AREA TRANSIT, APPELLANT, AND AETNA CASUALTY & SURETY COMPANY, A CORPORATION, APPELLEE.

348 N.W.2d 908

Filed June 1, 1984. No. 83-406.

Richard L. Walentine of Walsh, Walentine, Miles, Fullenkamp & O'Toole, for appellant.

Peter C. Bataillon of Sodoro, Daly & Sodoro, for appellee Circo.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

KRIVOSHA, C.J.

The appellant, Transit Authority of the City of Omaha, doing business as Metro Area Transit (MAT), appeals from a judgment entered by the district court for Douglas County, Nebraska, which found MAT liable for negligence and awarded judg-

ment in favor of the appellee, Edith M. Circo, in the amount of $21,501.47. Because we believe the trial court erred as a matter of law, we reverse and remand with directions to dismiss the action.

The evidence discloses that on April 21, 1981, Circo, while in the employment of Omaha Public Schools, was operating a van for the purpose of transporting children to and from the Omaha Public Schools. At approximately 9 a.m. Circo's van was struck by a bus owned by MAT and driven by its employee, Larry Conner, while Circo was turning left onto Douglas Street from Turner Boulevard at the intersection of those streets in Omaha, Douglas County, Nebraska.

Turner Boulevard has three lanes running one way in a southerly direction, while Douglas Street, also a one-way street, has four lanes which run in an easterly direction. The intersection of Turner Boulevard and Douglas Street is controlled by a traffic light. The van which Circo was operating on the day in question was a 10-passenger van. It had a wheelbase longer than that of an ordinary passenger car, was slightly wider than an ordinary passenger car, and was some 20 feet long. As Circo approached the intersection of Turner and Douglas, she observed that the traffic signal controlling Turner was red, and she stopped the van in the left lane on Turner Boulevard in anticipation of making a left turn onto Douglas. At nearly the same time the MAT bus, which was then being operated in a southerly direction on Turner Boulevard, arrived at the intersection. The MAT bus also intended to make a left turn onto Douglas Street, and either pulled up beside Circo's van or was approaching the intersection in the middle lane on Turner Boulevard as the light turned green.

As the light on Turner Boulevard turned green, Circo testified that she checked oncoming traffic from her right on Douglas Street, looked into her rearview mirror, and, observing no traffic, including

the MAT bus, began her turn onto Douglas Street. Because of the length of her van, she did not turn into the lane nearest to her on Douglas Street but, rather, into a portion of the second line. Circo testified that as she initiated her turn, she perceived a motion to the right of her vehicle, which was the MAT bus turning from the center lane of Turner Boulevard into the third or fourth lane of Douglas Street. Before Circo could discover the source and nature of the motion, which was nearly simultaneous with the start of her turn, a collision occurred. Circo testified that she intended to turn into the second lane away from the north curb of Douglas Street because the length of the van made it difficult to turn into the first lane. She also testified she did not see the bus until just before the impact occurred. She further testified that she probably did turn the front of the van slightly to the right to avoid the curb.

MAT has appealed and assigns several errors. We need, however, only consider one; that is, whether the court erred in failing to find Circo guilty of contributory negligence sufficient to bar her recovery. As we have already indicated, we believe the trial court did err in this regard.

While there is some dispute about the facts, certain material facts are without dispute. Those facts are that Circo knew that the van she was driving was of such length that she could not make a left turn by moving from her lane of traffic into the first lane of traffic on Douglas Street. She recognized that, in order to negotiate the turn, it would be necessary for her to move beyond what would be the normal lane of traffic for such a left turn and to travel into the second lane of traffic. With that knowledge Circo knew, or should have known, that the movement she was about to make was somewhat out of the ordinary and required her to pay greater attention to any other traffic which may have then been on the street. It is further undisputed that

Circo did not look to see if there was any traffic immediately to her right on Turner which also might have been turning left onto Douglas Street. It is clear beyond dispute that had Circo looked to her right, she would have seen the bus.

There is no question that the driver of the MAT bus was negligent in the manner in which he turned left from Turner onto Douglas. His negligence, however, is not the end of the question. We must also determine whether Circo's failure to look for the MAT bus and see it, and to take appropriate steps, constituted contributory negligence sufficient to bar her right of recovery as a matter of law. Contributory negligence is conduct for which plaintiff is responsible, amounting to a breach of the duty which the law imposes upon persons to protect themselves from injury, and which, concurring and cooperating with actionable negligence on the part of the defendant, contributes to the injury. See, *Mundy v. Davis*, 154 Neb. 423, 48 N.W.2d 394 (1951); *Garreans v. City of Omaha*, 216 Neb. 487, 345 N.W.2d 309 (1984).

Here, Circo failed to look and failed to see what was clearly observable. Had she looked and seen the turning bus, no accident would have occurred. In *Zeiger v. Farmers Co-op Assn.*, 212 Neb. 933, 936, 327 N.W.2d 43, 45 (1982), we recently said: "The failure to look at a time when looking would have been effective was negligence as a matter of law, and the court was in error in not so holding and instructing the jury." " 'A motorist must see what is in plain sight.' " *Burrows v. Jacobsen*, 209 Neb. 778, 780, 311 N.W.2d 880, 882 (1981). And although one in a favored position may assume, until he has warning, notice, or knowledge to the contrary, that others will use a highway lawfully, he must nevertheless keep a proper lookout and watch where he is driving. See, *Nichols v. McArdle*, 170 Neb. 382, 102 N.W.2d 848 (1960); *Hayes v. Anderson Concrete Co., Inc.*, 186 Neb. 771, 186 N.W.2d 477 (1971).

In *Murray v. Pearson Appliance Store*, 155 Neb. 860, 866, 54 N.W.2d 250, 255 (1952), we said: " ' "Users of the highway are required to exercise reasonable care. What is reasonable care must, in each case, be determined by its own peculiar facts and circumstances.". . .' "

> The driver of a motor vehicle has the duty to keep a proper lookout and watch where he is driving even though he is rightfully on the highway and has the right-of-way or is driving on the side of the highway where he has a lawful right to be. He must keep a lookout ahead or in the direction of travel or in the direction from which others may be expected to approach and is bound to take notice of the road, to observe conditions along the way, and to know what is in front of him for a reasonable distance.

*Murray v. Pearson Appliance Store, supra* at 867, 54 N.W.2d at 255. See, also, *Kendall v. Hongsermeier, ante* p. 109, 347 N.W.2d 855 (1984).

Had Circo looked and seen the bus, and waited for the bus to turn left, no accident would have occurred, notwithstanding the bus driver's negligence in turning left from the middle of Turner Boulevard onto Douglas Street. The trial court was in error in not recognizing this fact. The case should have been dismissed.

Having thus disposed of the appeal on this basis, we need not consider any of the other assignments of error raised by the appellant. The judgment of the trial court is reversed and the cause is remanded with directions to dismiss.

REVERSED AND REMANDED WITH
DIRECTIONS TO DISMISS.

WHITE, J., dissenting.

I disagree with the conclusion of the majority, that Circo was more than slightly negligent as a matter of law. The issue was considered and decided otherwise by the trier of fact. I am unable to conclude

that the trial judge was clearly wrong.
SHANAHAN, J., joins in this dissent.