MARION G. CURLILE, APPELLEE, V. DAVID R. LINDNER,
APPELLANT.
418 N.W.2d 256

Filed January 29, 1988. No. 87-479.

Sennett & Roth, for appellant.

David W. Pederson and Terrance O. Waite of Murphy, Pederson, Piccolo & Pederson, for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

WHITE, J.

This is an appeal from the district court for Custer County. The district court, on appeal, affirmed the judgment of the Custer County Court which was entered following a bench trial. Plaintiff-appellee, Marion G. Curlile, obtained a judgment against defendant-appellant, David R. Lindner, as a result of an automobile accident between the two parties at an uncontrolled intersection in Broken Bow, Nebraska. The district court affirmed the judgment after finding that although there was a conflict in testimony, there was no clear error on the record.

The accident occurred on August 18, 1986, at the intersection of 11th and C Streets. The evidence establishes that appellee Curlile was southbound on 11th Street. Appellant Lindner was eastbound on C Street. As the cars approached the intersection, appellant was to the right of appellee. There were no other witnesses to the accident.

Testimony at trial indicates that both parties agree that appellant Lindner's vehicle struck Curlile's pickup truck on the right rear area, behind the right rear tire. They also agree that

Curlile's pickup was at least partially through the intersection, on the southwest side, at the time of the collision. The intersection was clear and open, with no one's view being obstructed.

Curlile alleges that the accident was the direct and proximate result of Lindner's negligent operation of his vehicle. Curlile testified that he was almost completely through the intersection before he was hit. In short, Curlile alleged that he was properly within the intersection first, that Lindner failed to yield to him because he was not keeping a proper lookout, and that Lindner was operating his vehicle at an excessive speed.

Lindner alleged that Curlile failed to yield the right-of-way to him, as required, since Lindner was to the right of Curlile as they approached the intersection. Lindner also counterclaimed in the suit for damages sustained by his vehicle.

Appellant relies on this court's decision in *Kendall v. Hongsermeier*, 217 Neb. 109, 347 N.W.2d 855 (1984), in asserting that the district court erred in sustaining the trial court's order. He alleges that appellee is barred from recovery as a matter of law because Curlile violated Neb. Rev. Stat. § 39-635(1) (Reissue 1984), which provides: "When two vehicles approach or enter an intersection from different roadways at approximately the same time, the driver of the vehicle on the left shall yield the right-of-way to the vehicle on the right."

This court in *Kendall, supra*, reiterated its rule expressed in *Gernandt v. Beckwith*, 160 Neb. 719, 721, 71 N.W.2d 303, 304 (1955), which states:

[The right-of-way statute] does not mean that drivers of motor vehicles are permitted to race or to gamble on which vehicle may enter the intersection a few feet ahead of the other. When a collision occurs in the ordinary city or country intersection, unless there is evidence that one of the vehicles was traveling at a very much greater rate of speed than the other, it is self-evident that the vehicles were reaching the intersection "at approximately the same time."

As stated in the above rule from this State's case law, "unless there is evidence that one of the vehicles was traveling at a very

much greater rate of speed than the other," plaintiffs in a position such as appellee's herein will likely find it difficult to prove negligence on the part of a driver with the right-of-way at an intersection. At trial appellee presented some evidence that appellant may have been going faster than his testimony indicated. Evidence was presented which established that appellant's vehicle left approximately 30 feet of skid marks prior to impact. In addition, testimony revealed that appellee's pickup was hit with such force that it was turned nearly in the opposite direction as appellee had been driving. In sum, there was competent evidence to support a conclusion that appellant's vehicle was traveling at an excessive speed.

It has long been the rule in an action at law, where a jury has been waived and the evidence is in conflict, this court, in reviewing the judgment, will presume that the controverted facts were decided by the trial court in favor of the successful party, and those findings will not be disturbed on appeal unless clearly wrong. It is not within the province of this court to resolve conflicts in or reweigh the evidence. *Kracl v. Aetna Cas. & Surety Co.*, 220 Neb. 869, 374 N.W.2d 40 (1985).

We agree with the district court that although there was conflicting testimony, there is no clear error on the record.

AFFIRMED.