FRANCES E. WORKMAN, APPELLANT, V. STEVEN L. STEHLIK AND
DUANE L. STEHLIK, APPELLEES.
471 N.W.2d 760

Filed July 19, 1991.    No. 89-324.

Kevin Ruser for appellant.

Stephen L. Ahl, of Wolfe, Anderson, Hurd, Luers & Ahl, for appellees.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

HASTINGS, C.J.

Plaintiff, Frances E. Workman, appeals from the judgment of the district court which reversed a judgment in the amount of $945 plus costs entered in her favor by the county court following a bench trial. She assigns as error the findings by the district court that she was guilty of contributory negligence as a matter of law and that her negligence was sufficient to bar her recovery as a matter of law. We affirm.

On May 20, 1988, between 5 and 6 p.m., plaintiff was driving her Oldsmobile automobile west on Luzerne Street in Table Rock. At that time she was struck by the motor vehicle being driven by Steven L. Stehlik, who was southbound on 9th Street. This was a 90° angle intersection with no traffic control signs or signals on either street. The roads' surfaces were unpaved, and it had rained in the afternoon and was raining at the time of the accident.

Workman testified in county court that as she approached the intersection she looked to the north as soon as possible when an embankment was no longer blocking her view. By the time Workman could see around the embankment to the north she was already in the middle of the intersection and could see Stehlik's vehicle approaching from her right approximately two or three car lengths north of the intersection. Workman estimated that she was traveling between 12 and 20 miles per hour as she approached the intersection. Stehlik, in his testimony, estimated that Workman was traveling over 20 miles per hour as her vehicle entered the intersection. Workman testified that she was almost through the intersection when her vehicle was struck behind her passenger door. Workman

produced an estimate of $945 for the repair of her vehicle.

Stehlik pled guilty to a citation for failure to yield the right-of-way. He estimated that prior to entering the intersection he was traveling 15 miles per hour. Workman estimated that Stehlik was traveling 25 miles per hour as his vehicle approached the intersection. Stehlik testified that the embankment obstructed his view of the other road near the intersection, or to his left, the direction from which Workman was approaching. Before entering the intersection Stehlik slowed and looked to his left and right and saw a red blur as he looked to his left again. Stehlik said that he tried to brake his vehicle, but his brakes locked. He estimated that after his brakes locked his vehicle slid 4 or 5 feet.

Following a bench trial, the county court found that Stehlik was negligent in the operation of his motor vehicle and that Workman was not contributorily negligent. Judgment was entered for Workman for $945 plus costs.

Upon the defendants' appeal to the district court, the district court concurred with the county court in finding Stehlik negligent, but found that the plaintiff was contributorily negligent as a matter of law in failing to keep a proper lookout as she proceeded through the intersection. The district court, in reversing the judgment of the county court, found that Workman's contributory negligence barred her recovery as a matter of law. Workman has appealed and requests that the judgment of the district court be reversed and the judgment of the county court be reinstated.

On appeal, the district court reviews the county court judgment for error appearing on the record made in the county court. Neb. Rev. Stat. § 25-2733(1) (Reissue 1989).

As appellate courts reviewing a judgment in a bench trial of a law action in the county court, the Supreme Court and the district court do not reweigh evidence, but consider the judgment in the light most favorable to the successful party and resolve evidentiary conflicts in favor of the successful party, who is entitled to every reasonable inference deducible from the evidence. *Dammann v. Litty*, 234 Neb. 664, 452 N.W.2d 522 (1990).

However, appellate courts are required to review questions

of law de novo on the record. *Northern Natural Gas Co. v. State Bd. of Equal.*, 232 Neb. 806, 443 N.W.2d 249 (1989).

Contributory negligence is conduct for which a plaintiff is responsible, amounting to a breach of the duty which the law imposes upon persons to protect themselves from injury and which, concurring and cooperating with actionable negligence on the part of the defendant, contributes to the injury. An actor is contributorily negligent if (1) he or she fails to protect himself or herself from injury, (2) his or her conduct concurs and cooperates with the defendant's actionable negligence, and (3) his or her conduct contributes to his or her injuries as a proximate cause. *Horst v. Johnson*, 237 Neb. 155, 465 N.W.2d 461 (1991).

According to Neb. Rev. Stat. § 39-635(1) (Reissue 1989), when two vehicles approach or enter an intersection from different roadways at approximately the same time, the driver of the vehicle on the left shall yield the right-of-way to the vehicle on the right.

Workman contends that the statutory right-of-way rule does not apply in the case at bar because she was already in the intersection when Stehlik entered it. However, this court has held:

"When a collision occurs in the ordinary city or country intersection, unless there is evidence that one of the vehicles was traveling at a very much greater rate of speed than the other, it is self-evident that the vehicles were reaching the intersection 'at approximately the same time.' "

*Curlile v. Lindner*, 227 Neb. 510, 511, 418 N.W.2d 256, 257 (1988). Under *Curlile*, there is insufficient evidence that Workman reached the intersection prior to Stehlik, and thus Workman cannot avoid the finding of contributory negligence because of the limited evidence that she reached the intersection momentarily before Stehlik.

There is also case law which supports a finding that evidence regarding Workman's alleged presence in the intersection prior to Stehlik is irrelevant to the determination of liability. In *Kendall v. Hongsermeier*, 217 Neb. 109, 347 N.W.2d 855 (1984), this court noted that § 39-635(1) was intended to avoid

collisions between vehicles at intersections and that the right-of-way was not to be determined by the single test of which vehicle actually entered the intersection first. The court said that the driver who does not have the right-of-way is not justified in taking close chances, but has the duty to yield if there is a reasonable risk of collision should both vehicles continue on their course.

Under the rule announced by this court in *Hodgson v. Gladem*, 187 Neb. 736, 193 N.W.2d 779 (1972), Workman was negligent in failing to keep a proper lookout, regardless of the right-of-way rule. It was stated there:

> [T]he plaintiff approached a blind, unprotected intersection where he could not see to the left until almost at the intersection and where he had to realize that any car approaching on his left at whatever speed could not see him until it was almost in the intersection, and he did so at a speed which left him no alternative but to enter the intersection irrespective of whatever his observations might disclose when he reached a position where he could see to his left.

*Id*. at 742, 193 N.W.2d at 783.

The defendant in *Hodgson* was traveling 45 miles per hour as he approached the intersection. The defendant saw the plaintiff's vehicle about 30 feet from impact and applied his brakes. The court, in finding both parties guilty of negligence more than slight as a matter of law, held as follows:

> [A] driver approaching an unprotected intersection where he knows and can readily observe that his view is obstructed must do so at such a speed as will afford him a reasonable opportunity to make effective observations for cars approaching on the intersecting road and give him a reasonable opportunity to properly react to the situation he then observes or could observe, and where his view is completely obstructed and his speed is such that he has given himself no opportunity at all to observe and react appropriately he may, where the facts are undisputed, be found negligent as a matter of law.

*Id*. at 742-43, 193 N.W.2d at 783.

In *Crink v. Northern Nat. Gas Co.*, 200 Neb. 460, 263

N.W.2d 857 (1978), both drivers approached a blind, uncontrolled intersection at about the same time and at such a rate of speed that neither could take any effective action to avoid the accident when they first saw or could have seen one another. The plaintiff in *Crink*, who had the directional right-of-way, attempted to distinguish *Hodgson* on the grounds that the plaintiff in that case was traveling 40 to 45 miles per hour, whereas the plaintiff in *Crink* was traveling 25 miles per hour and applied his brakes shortly before impact. The court, in finding the plaintiff at least more than slightly negligent when compared to the defendant's negligence, commented that the plaintiff's speed was such that he could not avoid the collision, even though he braked when he first observed the defendant's vehicle. The court said that the plaintiff's speed, as was also the case in *Hodgson*, left him with no alternative but to enter the intersection irrespective of whatever his observations might disclose when he reached a position where he could see to his left. The case at bar is analogous to *Crink*, in that Workman testified that she could not have avoided the accident by stopping.

Workman did not have the directional right-of-way, she entered an intersection in which her view to her right was blocked by an embankment, she could not see oncoming traffic until she entered the intersection, and she was driving at such a rate of speed that by her own admission she was unable to stop in time to avoid a collision with a vehicle which was favored over her. It is obvious that Workman was guilty of contributory negligence more than slight as a matter of law and therefore was barred from recovery.

The judgment of the district court is affirmed.

AFFIRMED.