STATE OF NEBRASKA, APPELLEE, V. NANCY KAY BROWN, APPELLANT.

453 N.W.2d 576

Filed April 6, 1990. Nos. 89-116, 89-117.

Randy S. Hisey, of Uhlir, Baker & Hisey, for appellant.

Robert M. Spire, Attorney General, and Kenneth W. Payne for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

WHITE, J.

In this case, defendant appeals her convictions in the Dakota County District Court for possession with intent to deliver a controlled substance and possession with intent to manufacture a controlled substance. The appeals were consolidated in this court. We affirm.

On Saturday, May 21, 1988, a confidential informant contacted Nebraska State Patrol Investigator Johnson with detailed information regarding a marijuana manufacturing operation being conducted in defendant's home. In sum, the informant detailed seeing marijuana being cultivated and manufactured in defendant's home. On May 23, Investigator Johnson filed in the Dakota County Court an affidavit for a search warrant recounting what had been learned through the confidential informant, and implicating one Steven Ristau. Steve Cortis is defendant's boyfriend. The affidavit contained the conclusory statement that "the confidential informant is trustworthy . . . ." The court issued a no-knock warrant to search defendant's house.

A search of the home revealed large quantities of marijuana in various stages of growth and equipment used to manufacture marijuana for sale. Defendant was arrested, and informations were later filed in the Dakota County District Court. In separate informations, defendant was charged with possession with intent to distribute a controlled substance and possession with intent to manufacture a controlled substance. Defendant pled not guilty.

Defendant moved to quash the informations, alleging that both informations constitute the same crime and therefore violate double jeopardy principles. She also moved to suppress all evidence obtained as a result of the search of the house, alleging that the confidential informant was not shown to be reliable. She further moved to compel disclosure of the confidential informant's identity. The State resisted each of these motions, and they were overruled.

With regard to the hearing on the motion to suppress, the only evidence presented was the bill of exceptions from the county court preliminary hearing, which was offered by the defendant. There is no evidence in that bill of exceptions to

indicate the basis upon which Investigator Johnson concluded the informant was trustworthy.

The case was tried to the court on December 6 and 7, 1988. Defendant was found guilty on both counts and was subsequently sentenced. On December 12, defendant filed a motion for new trial, which was apparently overruled.

On June 8, 1989, defendant filed a motion for a new trial or a new hearing on the motion to suppress, pursuant to Neb. Rev. Stat. § 29-2101 (Reissue 1989). This motion alleged that on March 14, 1989, in the related case of *State v. Cortis*, docket No. 45-20, the confidential informant's identity was revealed after the trial court sustained a motion to compel disclosure. The informant's name was Colleen Barker, and she was deposed by Cortis' attorney. Selected portions of the deposition were filed with the motion. Defendant alleged that information learned through the deposition was newly discovered evidence which would have materially affected the search warrant probable cause determination, and which was not discoverable with reasonable diligence because the State resisted, and the trial court overruled, her motion to compel disclosure of the confidential informant's identity. This motion was also overruled. Defendant appeals to this court, assigning several errors.

Defendant first argues that she was denied her constitutional protection against double jeopardy in that the elements of the information in case No. 45-24 were identical to the elements of the information in case No. 45-22. The information in case No. 45-22 reads in pertinent part: "[O]n or about the 23rd day of May A.D. 1988 [defendant did] knowingly or intentionally manufacture, distribute, deliver, dispensed [sic] or possessed [sic] with intent to manufacture, district [sic], deliver, or dispense a controlled substance, to-wit: marijuana as defined by Neb. Rev. Stat. 28-405 Schedule 1(c)(10)." Case No. 45-24 states that "on or about the 23rd day of May A.D. 1988 [defendant did] possess with the intent to manufacture a controlled substance, to-wit: marijuana as defined by Neb. Rev. Stat. 28-405 Schedule 1(c)(10)."

This court has stated that the rule that a person cannot twice be put in jeopardy for the same offense has no application

where two separate and distinct crimes are committed by one and the same act, because the constitutional inhibition is directed to the identity of the offense and not to the act. *State v. Cole*, 218 Neb. 1, 352 N.W.2d 154 (1984).

In the present case any confusion which may have existed in the wording of the informations was cured by the findings of the trial court, which stated:

> It will be the finding and order of the Court in Case No. 45-22, that the Court finds the defendant guilty of possession with intent to deliver a controlled substance. While there was no direct evidence of intent to deliver, the necessary intent can be established by circumstantial evidence, and such circumstantial evidence in this case established intent beyond a reasonable doubt. The possession of 17 point 5 pounds of marijuana in sellable form is a sufficient quantity of the controlled substance to support the factual finding of the defendant's intent to deliver. That quantity, according to the evidence, is sufficient to manufacture from 22,400 to 29,000 marijuana cigarettes, and completely excludes any reasonable contention that the controlled substance was for the defendant's private use. . . . In Case No. 45-25, the Court finds the defendant guilty of possession with intent to manufacture marijuana. The presence of 12 growing plants, paraphernalia to populate and raise those plants, I feel, can lead to no other conclusion.

"Deliver" and "manufacture" are defined separately under Neb. Rev. Stat. § 28-401 (Reissue 1985). It is clear from the trial court's statements that defendant was convicted of two separate and distinct offenses arising out of the same act or transaction. There was no error.

Defendant next argues that the trial court erred in overruling her motion to suppress and her June 8, 1989, motion for a new trial and a new suppression hearing. In essence, she asks this court to determine if the affidavit for the search warrant, when read in light of the informant's deposition taken after the trial, states sufficient probable cause under a "totality of the circumstances" test, as adopted by this court in *State v. Gilreath*, 215 Neb. 466, 339 N.W.2d 288 (1983). This test states

that if the circumstances set forth in the affidavit for search warrant, including the veracity and basis of knowledge of persons supplying hearsay information, indicate that there is a fair probability that evidence of a crime may be found at the place described, the affidavit is sufficient.

Defendant contends that the deposition testimony shows the confidential informant, Colleen Barker, was never used as an informant prior to this case, that Barker has a felony check forgery conviction and a felony check writing conviction, that Barker may have been under the influence of drugs when she made observations of defendant's home, and that the testimony reveals confusion in the affidavit as to Steven Ristau and Steve Cortis, who are different individuals. This evidence, according to defendant, draws into question Barker's veracity and basis of knowledge for her observations. It also calls into question whether Investigator Johnson acted with reckless disregard for the truth when he made the statement in the affidavit that the confidential informant was trustworthy.

We do not reach the merits of defendant's argument. At trial, the State's first witness was Eric Reed, a Dakota County deputy sheriff. He testified that he was familiar with marijuana through his training and experience. He further testified that on May 23, 1988, he accompanied other law enforcement personnel to defendant's home to execute a search warrant. While at the house he videotaped the entire contents of the home. By stipulation of both parties, both videotapes were received into evidence, and Reed then narrated one of the videotapes, indicating to the court that the green plant material was marijuana. The videotapes documented the entire contents of the home, including marijuana in various stages of manufacture. The evidence which was presented after the introduction of the videotapes was merely cumulative. Defendant never objected to the introduction of the videotapes. It was only after the State put on its next witness and began to introduce evidence of the witness' observations of the home's contents that defendant entered a continuing objection. This court has stated that in order to preserve a claimed error in admission of evidence, a litigant must make a timely objection which specifies the ground of the objection to the offered

evidence. If a party does not make a timely objection to the evidence, the party waives the right to assert prejudicial error concerning the evidence received without objection. *State v. Cox*, 231 Neb. 495, 437 N.W.2d 134 (1989); *State v. DiBaise*, 232 Neb. 217, 440 N.W.2d 223 (1989). Defendant has waived consideration of this assignment of error.

Defendant next argues that the trial court erred in not sentencing her to probation. It did not. Defendant was on probation for an earlier offense when she was arrested for the offenses under consideration in this appeal. Defendant was convicted of two Class III felonies, which carry a 20-year maximum term and a 1-year minimum term of incarceration. She received 2 to 5 years' imprisonment on both convictions, the sentences to run concurrently. This court has often stated that "[a] sentence imposed within the statutory limits will not be disturbed on appeal unless the sentencing court has abused its discretion in the sentence imposed." *State v. Kitt*, 232 Neb. 237, 240, 440 N.W.2d 234, 236 (1989). The trial court did not abuse its discretion. There is no error.

Accordingly, defendant's convictions and sentences are affirmed.

AFFIRMED.