STATE OF NEBRASKA, APPELLEE, V. GLENN B. HARRINGTON, APPELLANT.

461 N.W.2d 752

Filed November 2, 1990.   No. 89-1147.

Thomas M. Kenney, Douglas County Public Defender, Thomas C. Riley, and Brian S. Munnelly for appellant.

Robert M. Spire, Attorney General, and Donald A. Kohtz for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

PER CURIAM.

The defendant, Glenn B. Harrington, was charged with being a felon in possession of a firearm with a barrel less than 18 inches in length, in violation of Neb. Rev. Stat. § 28-1206(1) (Reissue 1989), and with being a habitual criminal. After trial to a jury, he was found guilty and was sentenced as a habitual

criminal to imprisonment for 12 to 20 years, with credit for 41 days served.

The defendant has appealed and has assigned as error that (1) § 28-1206(1) is unconstitutional, (2) the trial court erred in failing to instruct the jury as requested that the State must prove the defendant's possession of the firearm was not for the purpose of security or defense, and (3) the prosecution of the defendant was barred by the double jeopardy clause.

The record shows that at about 1:45 a.m. on September 26, 1988, the defendant knocked on the door of Inez Rhone, the mother of the defendant's girl friend, Michelle. The defendant asked to speak with Michelle. Rhone told the defendant that it was too late to be out and that he should leave.

Some 10 minutes later, after she had returned to bed, Rhone heard another knock at her door. This time Charles Hudson, a friend of Rhone's, answered the door and found the defendant outside the door. Rhone testified that while Hudson was exchanging statements with the defendant, Hudson suddenly slammed the door shut and exclaimed, "Move out of the way, he's got a gun."

After the door was slammed in his face, defendant put his fist through several windows of Rhone's house. She testified that after breaking out the windows, defendant fired two gunshots into the air and threatened to kill her, Hudson, and Michelle before the night was over.

Rhone then phoned the police, who arrested the defendant some 15 minutes later and found a pistol in his possession.

The defendant testified that on the night in question, he was in fear of his life because of threats made by members of the "Crips" gang and that he fled to Rhone's house because he was being pursued by Crips gang members. He became upset when Rhone refused to offer him safety in her house. The defendant argued that his possession of the pistol was justified as an incident to his constitutional right to bear arms for self-defense.

The record further shows that as a result of this incident, the defendant had been charged with a number of misdemeanor offenses in the county court, one of which was for discharging a projectile, in violation of Omaha Mun. Code, ch. 20, art. VII, § 20-196 (1980). On October 18, 1988, the defendant pled no

contest to that offense and was sentenced to 6 months in the county jail, with credit for 22 days served.

The defendant's first assignment of error is controlled by our decision in *State v. Comeau*, 233 Neb. 907, 448 N.W.2d 595 (1989). In the *Comeau* case, we held that § 28-1206, the felon in possession of firearms statute, did not violate article I, § 1, of the Nebraska Constitution.

With regard to the second assignment of error, § 28-1206(1) makes it a crime for a convicted felon to possess a firearm. There is no exception for a convicted felon who believes he may need a firearm for self-defense, and the defendant violated that statute by being in possession of a firearm. His possession of the firearm for allegedly self-defense purposes did not excuse or justify his violation of the statute. Since the statute creates no right for a felon to possess a firearm for self-defense, it was unnecessary to instruct the jury as requested by the defendant.

In his third assignment of error, the defendant argues that his conviction in this case violated the double jeopardy provision of the 5th amendment to the U.S. Constitution, which amendment is made applicable to the states through the 14th amendment and which provides: "[N]or shall any person be subject for the same offense to be twice put in jeopardy of life or limb." U.S. Const. amend. V.

As a result of the incident that occurred on September 26, 1988, the defendant had been charged in the county court and sentenced on October 18, 1988, for discharging a projectile.

The defendant claims that in order to prove the element of possession necessary to convict him for felon in possession of a firearm, the State relied upon conduct surrounding his conviction for the offense of discharging a projectile. The defendant argues that the State's reliance upon the same conduct violated the constitutional prohibition against being twice placed in jeopardy for the same offense. The defendant relies upon *Grady v. Corbin*, ____ U.S. ____, 110 S. Ct. 2084, 109 L. Ed. 2d 548 (1990).

In *Grady*, the U.S. Supreme Court held that "the Double Jeopardy Clause bars any subsequent prosecution in which the government, to establish an essential element of an offense charged in that [subsequent] prosecution, will prove conduct

that constitutes an offense for which the defendant has already been prosecuted." 110 S. Ct. at 2093.

The issue is whether the State relied upon "conduct" that constituted an offense for which the defendant had already been prosecuted to establish an essential element of the offense charged in this case.

In the *Grady* case, the court noted that prosecution for minor offenses and major offenses involving the same conduct may be permissible if all offenses are joined in one case. It is the proof of *conduct* for which the defendant has already been prosecuted that bars the subsequent prosecution.

The prosecution in this case was barred by the rule announced by the U.S. Supreme Court in the *Grady* case. For that reason, the judgment is reversed and the cause remanded with directions to dismiss the information.

REVERSED AND REMANDED WITH
DIRECTIONS TO DISMISS.