STATE OF NEBRASKA, APPELLEE, V. OTIS WOODFORK, APPELLANT.

478 N.W.2d 248

Filed December 27, 1991.    No. 90-784.

Thomas M. Kenney, Douglas County Public Defender, and Scott C. Sladek for appellant.

James S. Jansen, Douglas County Attorney, and Robert C. Sigler for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

HASTINGS, C.J.

Defendant, Otis Woodfork, appeals an order of the district court that overruled his motion to dismiss, which was in the nature of a plea in bar which he had filed in response to an information charging him with the Class IV felony offense of operating a motor vehicle while the operator's license was revoked. This charge arose out of the same incident which had previously resulted in no contest pleas and convictions in county court for the misdemeanor offenses of willful reckless driving and operating a motor vehicle while intoxicated (DWI). The basis for defendant's motion to dismiss/plea in bar was that prosecution on the felony charge was barred by the double jeopardy clause of the fifth amendment to the Constitution of the United States, and his sole assignment of error is that the district court should have sustained that motion/plea.

The denial of a plea in bar raising a double jeopardy claim is a final order as defined in Neb. Rev. Stat. § 25-1902 (Reissue 1989). *State v. Milenkovich*, 236 Neb. 42, 458 N.W.2d 747 (1990). Therefore, the appeal is properly before us.

It is Woodfork's contention that the driving incident which gave rise to his convictions of willful reckless driving and DWI was the same incident out of which the present felony charge of driving while his license was revoked arose. Therefore, he argues, a prosecution for this latter offense will require proof of conduct that constitutes the two offenses for which he has already been convicted. Finally, he states that under the rule of

*Grady v. Corbin*, \_\_\_\_ U.S. \_\_\_\_, 110 S. Ct. 2084, 109 L. Ed. 2d 548 (1990), and the decision of this court in *State v. Harrington*, 236 Neb. 500, 461 N.W.2d 752 (1990), the present prosecution violates his right to be free of double jeopardy. See, Neb. Const. art. I, § 12; U.S. Const. amend. V.

The U.S. Supreme Court stated in *Grady v. Corbin, supra* at 110 S. Ct. at 2090:

> To determine whether a subsequent prosecution is barred by the Double Jeopardy Clause, a court must first apply the traditional *Blockburger* test. If application of that test reveals that the offenses have identical statutory elements or that one is a lesser included offense of the other, then the inquiry must cease, and the subsequent prosecution is barred.

In *Blockburger v. United States*, 284 U.S. 299, 52 S. Ct. 180, 76 L. Ed. 306 (1932), the Supreme Court adopted the following "test of identity" to determine whether crimes separately charged were actually but one offense:

> The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not.

284 U.S. at 304.

In *Brown v. Ohio*, 432 U.S. 161, 169, 97 S. Ct. 2221, 53 L. Ed. 2d 187 (1977), the U.S. Supreme Court took note of the *Blockburger* test and stated, "Whatever the sequence may be, the Fifth Amendment forbids successive prosecution and cumulative punishment for a greater and lesser included offense."

Applying this test to the case at hand, we conclude that willful reckless driving and DWI are not greater offenses to or lesser-included offenses of driving while the operator's license was revoked.

The willful reckless driving charge is based on Neb. Rev. Stat. § 39-669.03 (Reissue 1988), which states, "Any person who drives any motor vehicle in such a manner as to indicate a willful disregard for the safety of persons or property is guilty

of willful reckless driving."

In addition, defendant apparently pleaded no contest to a charge of DWI based on Neb. Rev. Stat. § 39-669.07(1) (Cum. Supp. 1990), which provides in part, "It shall be unlawful for any person to operate or be in actual physical control of any motor vehicle: (a) While under the influence of alcoholic liquor or of any drug."

In order to convict Woodfork of driving while his license was revoked based on § 39-669.07(5), the State must prove the following elements: "Any person operating a motor vehicle on the highways or streets of this state while his or her operator's license has been revoked pursuant to subdivision (2)(c) of this section shall be guilty of a Class IV felony."

One commits willful reckless driving by (1) driving a motor vehicle (2) in such a manner as to indicate a willful disregard (3) for the safety of persons or property. DWI is committed by (1) operation or physical control of a motor vehicle (2) while under the influence of alcohol. These offenses are definitely not greater offenses to or lesser-included offenses of driving while the operator's license was revoked, which requires (1) operating a motor vehicle on the highways or streets (2) with a license that has been revoked (3) pursuant to prior DWI convictions. It is clear that each offense requires proof of an additional fact.

Although defendant concedes that willful reckless driving and DWI are not lesser-included offenses of driving while the operator's license was revoked, he argues that a conviction of driving while the operator's license was revoked will require proof of conduct that constitutes an offense for which he has already been prosecuted. The conduct to which he refers is the driving or operation of a motor vehicle.

Woodfork bases his argument on the U.S. Supreme Court decision in *Grady v. Corbin*, _____ U.S. _____, 110 S. Ct. 2084, 109 L. Ed. 2d 548 (1990). The defendant in *Grady* was involved in an automobile accident in which one person was killed. He received traffic citations charging him with driving while intoxicated and crossing the median, to which charges he pleaded guilty. Later he was indicted for criminally negligent homicide and third-degree reckless assault. The prosecution filed a bill of particulars which indicated the negligent and

reckless acts as (1) driving while intoxicated, (2) crossing the median, and (3) driving too fast for the weather and road conditions. The defendant moved to dismiss the indictment on double jeopardy grounds.

The U.S. Supreme Court agreed with the defendant that a subsequent prosecution for negligent homicide and third-degree reckless assault would violate the double jeopardy clause. The Court referred to *Harris v. Oklahoma*, 433 U.S. 682, 97 S. Ct. 2912, 53 L. Ed. 2d 1054 (1977), to demonstrate that a strict application of the *Blockburger* test is not the exclusive means of determining whether a subsequent prosecution violates the double jeopardy clause. In *Harris*, the state indicted and convicted the defendant of robbery with a firearm after he was first convicted of felony murder. The subsequent prosecution would have passed the *Blockburger* test, since the felony murder statute on its face did not require proof of a robbery to establish felony murder; other felonies could underlie a felony murder conviction. See *State v. Garza*, 236 Neb. 202, 459 N.W.2d 739 (1990). However, the *Harris* Court barred the subsequent robbery prosecution because the same robbery was used as the necessary felony. The *Grady* Court then proceeded to formulate a new test already suggested in *Illinois v. Vitale*, 447 U.S. 410, 100 S. Ct. 2260, 65 L. Ed. 2d 228 (1980), which should be applied in case the subsequent prosecution survives the *Blockburger* test:

> [T]he Double Jeopardy Clause bars any subsequent prosecution in which the government, *to establish an essential element of an offense charged in that prosecution, will prove conduct that constitutes an offense for which the defendant has already been prosecuted*. This is not an "actual evidence" or "same evidence" test. The critical inquiry is what conduct the State will prove, not the evidence the State will use to prove that conduct. As we have held, the presentation of specific evidence in one trial does not forever prevent the government from introducing that same evidence in a subsequent proceeding.

(Emphasis supplied.) *Grady v. Corbin, supra* at 110 S. Ct. at 2093.

Note that this rule seems to require that the *entire* conduct constituting the prior offense must be necessary to prove an element of the charged offense. In a footnote, the Court suggests this conclusion by stating the obvious corollary: "Similarly, if in the course of securing a conviction for one offense the State *necessarily* has proved the conduct comprising *all* of the elements of another offense not yet prosecuted (a 'component offense'), the Double Jeopardy Clause would bar subsequent prosecution of the component offense." (Emphasis supplied.) 110 S. Ct. at 2093 n.11.

The Court in *Grady* applied the analysis to the facts and concluded that the State had admitted by its own pleadings that "it will prove the entirety of the conduct for which Corbin was convicted—driving while intoxicated and failing to keep right of the median—to establish essential elements of the homicide and assault offenses." *Grady, supra* at 110 S. Ct. at 2094. However, the Court added that the prosecution would not have been barred "if the bill of particulars revealed that the State would not rely on proving the conduct for which Corbin had already been convicted (*i.e.*, if the State relied solely on Corbin's driving too fast in heavy rain to establish recklessness or negligence)." *Id.*

We adopted the *Grady* test in *State v. Harrington*, 236 Neb. 500, 503, 461 N.W.2d 752, 754 (1990), where we held that "[t]he issue is whether the State relied upon 'conduct' that constituted an offense for which the defendant had already been prosecuted to establish an essential element of the offense charged in this case." As will be pointed out later in this opinion, this was a misapplication of the *Grady* rule.

Applying the requirements of *Grady* to the case at issue, we conclude that a subsequent prosecution on the driving while the operator's license was revoked charge would not violate the analysis set out in that case. The test is whether the subsequent prosecution will require the State to prove the *entire* conduct for which the defendant has already been convicted. According to the complaint, the State intends to prove that Woodfork did "unlawfully operate a motor vehicle upon the streets and highways in said city, county, and state while his operator's license had been suspended, or revoked pursuant to Section

39-669.07 for life or for a period of 15 years . . . ." Woodfork has not been convicted of prior conduct comprising the entirety of that charge. The case would have been analogous to *Grady v. Corbin*, ____ U.S. ____, 110 S. Ct. 2084, 109 L. Ed. 2d 548 (1990), if the complaint had stated that Woodfork operated a vehicle upon the streets and highways in a reckless manner or while intoxicated. The word "unlawfully" in the complaint clearly refers to driving with a revoked or suspended license, since the statute does not require an additional unlawful act for a charge of driving while the operator's license was revoked. In other words, reckless behavior or a state of intoxication are not essential elements of a driving while the operator's license was revoked charge under § 39-669.07. Driving, on the other hand, is an essential element of the driving while the operator's license was revoked charge, but driving does not constitute an offense for which the defendant has already been prosecuted.

The fact that the prosecution might use evidence that while Woodfork was driving while his license was revoked, he was also intoxicated and reckless is not dispositive, since the U.S. Supreme Court does not follow the same evidence rule. The critical inquiry is what *conduct* the State will prove. Looking at the statute and the complaint, we determine it is clear that the only conduct the State intended to prove was driving while the defendant's license was revoked or suspended.

Woodfork also seems to claim that a subsequent prosecution on the driving while the operator's license was revoked charge is double jeopardy as to the willful reckless driving and DWI convictions, not because the offenses are identical or lesser included, but because they arose out of the same transaction. Woodfork bases his argument on the following language in *State v. Harrington, supra* at 503, 461 N.W.2d at 754: "In the *Grady* case, the court noted that prosecution for minor offenses and major offenses involving the same conduct may be permissible if all offenses are joined in one case. It is the proof of *conduct* for which the defendant has already been prosecuted that bars the subsequent prosecution."

Appellant seems to imply that the U.S. Supreme Court in *Grady v. Corbin, supra*, and thereby this court in *State v. Harrington, supra*, adopted the "same transaction" test set out

by Justice Brennan in his concurring opinion in *Ashe v. Swenson*, 397 U.S. 436, 453-54, 90 S. Ct. 1189, 25 L. Ed. 2d 469 (1970): "In my view, the Double Jeopardy Clause requires the prosecution, except in most limited circumstances, to join at one trial all the charges against a defendant that grow out of a single criminal act, occurrence, episode, or transaction." Stated differently, defendant implies that the U.S. Supreme Court and this court have held that "the same conduct" refers to the same act or transaction. It should be noted that Justice Brennan's same transaction test, although accepted in some states, has never been adopted by a majority of the U.S. Supreme Court. See *Brown v. Ohio*, 432 U.S. 161, 97 S. Ct. 2221, 53 L. Ed. 2d 187 (1977) (*Ashe, supra*, was followed by *Brown*, wherein the Supreme Court embraced the *Blockburger* test). The *Blockburger* test was not rejected and replaced with the same transaction test in *Grady, supra*. The U.S. Supreme Court simply introduced the additional "proof of conduct" test, which should be applied when the subsequent prosecution passes the *Blockburger* test. *Grady, supra*, does not stand for the proposition that separate and distinct offenses arising out of the same act or transaction amount to the "same offense."

This state has never accepted the same transaction test either. Recently, this court repeated that "the rule that a person cannot twice be put in jeopardy for the same offense has no application where two separate and distinct crimes are committed by one and the same act, because the constitutional inhibition is directed to the identity of the offense and not to the act." *State v. Brown*, 235 Neb. 10, 12-13, 453 N.W.2d 576, 578 (1990).

The rationale for rejecting the same transaction test is well worded by a Florida court:

> The absurdity of the "same transaction" standard can be easily illustrated. Assume that one breaks and enters a building to commit larceny of an automobile, does thereafter in fact steal the automobile and drive away, killing the night watchman in the process, and two blocks away runs a red light which brings about his arrest by the municipal police. Could it be said with any logic that a plea of guilty to breaking and entering would bar a subsequent prosecution for murder? If so, presumably a

plea of guilty to the traffic offense would likewise, since all arise from the "same transaction".

*State v. Conrad*, 243 So. 2d 174, 177 (Fla. App. 1971).

The subsequent prosecution on the driving while the operator's license was revoked charge passes the *Grady* test, since the State is not required to prove the *entire* conduct for which the defendant was convicted of willful reckless driving and DWI. There was no need for the State to prove conduct which constituted reckless behavior or a state of intoxication because neither conduct is an essential element of a driving while the operator's license was revoked charge under § 39-669.07. The only conduct which needs to be proven again in a subsequent proceeding, and which is mentioned in the State's complaint, is driving upon the streets and highways. Since driving in and of itself is not unlawful and does not constitute the entire conduct for which the defendant was previously convicted, a conviction of driving while the operator's license was revoked would not violate the double jeopardy clause. Woodfork's assignment of error is without merit.

However, we must now examine *State v. Harrington*, 236 Neb. 500, 461 N.W.2d 752 (1990). The *Grady* test, adopted by this court in *Harrington*, determined whether the State relied upon "proof of conduct" that constituted an offense for which the defendant had already been prosecuted to establish an essential element of the offense charged in the subsequent prosecution. However, as previously stated in this opinion, quoting from a footnote in *Grady v. Corbin*, \_\_\_\_ U.S. \_\_\_\_, 110 S. Ct. 2084, 109 L. Ed. 2d 548 (1990), it is the fact that the State *necessarily* has proved the conduct comprising *all* of the elements of the subsequent offense not yet prosecuted that bars the State, under the double jeopardy clause, from prosecuting that subsequent offense.

Thus, in summary, the State, because of the double jeopardy clause, cannot in the subsequent prosecution prove the *entirety* of the conduct for which the defendant has already been convicted to establish the essential elements of the offense charged in the subsequent prosecution.

The defendant in *Harrington* was convicted during his first

prosecution of discharging a projectile, in violation of the Omaha Municipal Code, which made it unlawful for any person to discharge an instrument which releases a projectile by means of an explosive charge. Omaha Mun. Code, ch. 20, art. VII, § 20-196 (1980). Thus, the elements of that offense are (1) a person discharges (2) an instrument (3) which releases a projectile (4) by means of an explosive charge.

In the subsequent prosecution, the defendant in *Harrington* was charged with being a felon in possession of a firearm with a barrel less than 18 inches in length, in violation of Neb. Rev. Stat. § 28-1206(1) (Reissue 1989). That section states in substance that any person who possesses any firearm with a barrel less than 18 inches in length and who has previously been convicted of a felony commits the offense of possession of a firearm by a felon. The elements of this offense are (1) a person who previously has been convicted of a felony (2) possesses (3) a firearm (4) which has a barrel less than 18 inches in length.

When we apply the *Blockburger* test, it is apparent that the sections are not identical and one offense is not a lesser-included offense of the other, because each provision requires proof of an additional fact.

It appears that the second prosecution also would not violate the additional *Grady* test. The essential issue in the case was whether in order to prove the element of possession necessary to convict the defendant of being a felon in possession of a firearm, the State relied upon conduct surrounding his conviction of the offense of discharging a projectile.

The conduct that was necessary to establish the violation of the city ordinance was that the defendant discharged a projectile. That conduct, discharging a projectile, although perhaps necessarily requiring temporary possession of a firearm to accomplish that act, was not a necessary element of the felony charge of being a felon in possession of a firearm. That latter charge required only proof of possession of a particular type of firearm and that the defendant be a convicted felon. In securing the conviction for the municipal code violation, the State did not *necessarily* prove the conduct comprising *all* of the elements of the felony offense of a felon in possession of a firearm.

Although the bill of exceptions in *Harrington* is no longer available, defense counsel in *Harrington*, in his brief, quoted from that record, indicating that the factual basis for both convictions was supplied by the reception into evidence of the police report of the incident.

Defense counsel in *Harrington* suggested that the U.S. Supreme Court and this court follow the same incident or same transaction test. Counsel argued that *Blockburger* stands for the proposition that the double jeopardy clause prohibits successive prosecutions for the same criminal act or transaction.

However, this is not true. The issue is not what evidence the State will introduce at trial, but what *conduct* the State will *prove*. The Nebraska Supreme Court especially stated that the *Grady* test is not an "actual evidence" or "same evidence" test. "The critical inquiry is what conduct the State will prove, not the evidence the State will use to prove that conduct. As we have held, the presentation of specific evidence in one trial does not forever prevent the government from introducing that same evidence in a subsequent proceeding." *Grady v. Corbin*, _____ U.S. _____, 110 S. Ct. 2084, 2093, 109 L. Ed. 2d 548 (1990). Thus, the fact that the State used the same police report in both prosecutions in *Harrington* does not make the second prosecution a violation of the double jeopardy clause.

The double jeopardy clause of the fifth amendment to the U.S. Constitution prohibits a subsequent prosecution where the State, in securing a conviction for one offense, *necessarily* has proved the conduct comprising *all* of the elements of the subsequent offense not yet prosecuted, and to the extent that the holding of this court in *State v. Harrington*, 236 Neb. 500, 461 N.W.2d 752 (1990), is in conflict with this rule, it is expressly disapproved.

The judgment of the district court is affirmed.

AFFIRMED.

WHITE, J., concurring.

I agree with the majority's treatment of the double jeopardy issue presented in this case and only write to emphasize the flaws which that analysis reveals in our separate lesser-included

offense doctrine.

The majority recognizes that the U.S. Supreme Court's decision in *Blockburger v. United States*, 284 U.S. 299, 52 S. Ct. 180, 76 L. Ed. 306 (1932), is the starting point for analysis of double jeopardy issues. In that case, the Supreme Court held that in determining whether the same act or transaction is punishable under more than one statutory provision, the test is "whether each provision requires proof of a fact which the other does not." *Blockburger, supra* at 284 U.S. at 304. As the majority also points out, in *Grady v. Corbin*, _____ U.S. _____, 110 S. Ct. 2084, 109 L. Ed. 2d 548 (1990), the Court held that the fifth amendment affords additional protection in the context of subsequent prosecutions involving the same act or transaction.

Nevertheless, it remains the case that application of the *Blockburger* test ordinarily determines whether cumulative punishments may be imposed for separate offenses arising out of the same act or transaction in a single prosecution. *Ohio v. Johnson*, 467 U.S. 493, 104 S. Ct. 2536, 81 L. Ed. 2d 425 (1984). When two statutory provisions proscribe the "same offense" under the *Blockburger* test, there is a presumption that the imposition of punishment for both in a single prosecution is forbidden. *Missouri v. Hunter*, 459 U.S. 359, 103 S. Ct. 673, 74 L. Ed. 2d 535 (1983), quoting *Whalen v. United States*, 445 U.S. 684, 100 S. Ct. 1432, 63 L. Ed. 2d 715 (1980). The application of the *Blockburger* test, moreover, clearly involves a strict comparison of statutory elements, rather than reliance on the actual evidence adduced at trial. See, *United States v. Woodward*, 469 U.S. 105, 105 S. Ct. 611, 83 L. Ed. 2d 518 (1985); *Illinois v. Vitale*, 447 U.S. 410, 100 S. Ct. 2260, 65 L. Ed. 2d 228 (1980).

The determination of whether a person is being put in jeopardy more than once for the same offense in a single prosecution is closely related to the question of whether a lesser-included offense instruction is proper in a criminal case. Blair, *Constitutional Limitations on the Lesser Included Offense Doctrine*, 21 Am. Crim. L. Rev. 445 (1984). It is obviously desirable, then, to use the same test to resolve both issues. See *U.S. v. Schmuck*, 840 F.2d 384 (7th Cir. 1988). Given

the continuing vitality of the *Blockburger* test in the double jeopardy context, it would be logical to adopt a strict elements approach to the lesser-included offense doctrine as well. The U.S. Supreme Court recently did so for the federal courts in *Schmuck v. United States*, 489 U.S. 705, 109 S. Ct. 1443, 103 L. Ed. 2d 734 (1989). Therefore, I repeat the view expressed previously that this court should adopt a strict elements approach rather than the amorphous cognate-evidence approach for determining whether a lesser-included offense exists. See *State v. Garza*, 236 Neb. 202, 459 N.W.2d 739 (1990) (White, J., dissenting).

BOSLAUGH, J., dissenting.

In abandoning the interpretation of *Grady v. Corbin*, ____ U.S. ____, 110 S. Ct. 2084, 109 L. Ed. 2d 548 (1990), which this court adopted on November 2, 1990, in *State v. Harrington*, 236 Neb. 500, 461 N.W.2d 752 (1990), the majority appears to have accepted the position of the Wyoming Supreme Court in *Eatherton v. State*, 810 P.2d 93, 99 (Wyo. 1991), wherein that court stated, "The Supreme Court did not really develop any new law in *Grady* with respect to successive prosecutions." I find that concept hard to accept. Apparently the four dissenting members of the U.S. Supreme Court in *Grady* reached the same conclusion.

In Justice O'Connor's estimation, the decision rendered null the Court's very recent holding in *Dowling v. U.S.*, 493 U.S. 342, 110 S. Ct. 668, 107 L. Ed. 2d 708 (1990), that the collateral estoppel component of the double jeopardy clause did not bar in all circumstances the later use of evidence relating to prior alleged criminal conduct for which a defendant has been acquitted. See *Grady, supra* (O'Connor, J., dissenting).

The dissent written by Justice Scalia characterizes the decision as a departure "from clear text and clear precedent" and advises that "[t]he effects of this innovation upon our criminal-justice system are likely to be substantial." *Grady, supra* at 110 S. Ct. 2096. In particular, Justice Scalia believes that the practical effect of the decision "will come down to a requirement that where the charges arise from a ' "single criminal act, occurrence, episode, or transaction," ' they 'must

be tried in a single proceeding.' " 110 S. Ct. at 2102. In other words, the Court's decision "to extend the Double Jeopardy Clause to prosecutions that *prove* a previously prosecuted offense will lead predictably to extending it to prosecutions that *involve the same facts as* a previously prosecuted offense." (Emphasis in original.) 110 S. Ct. at 2104 (Scalia, J., dissenting).

If indeed the *Grady* Court "did not really develop any new law" with respect to successive prosecutions, then it would seem that the issues in this case could have been resolved under our decision in *State v. Milenkovich*, 236 Neb. 42, 458 N.W.2d 747 (1990).

The majority's analysis of the *Grady* case seems to ignore the Supreme Court's concern that "a technical comparison of the elements of the two offenses as required by *Blockburger* does not protect defendants sufficiently from the burdens of multiple trials." *Grady, supra* at 110 S. Ct. at 2093.

In Chief Justice Urbigkit's dissent in the *Eatherton* case, he noted that in another case since argued before the Wyoming court, the attorney general had suggested that "the United States Supreme Court opinion in *Grady* was 'difficult to understand', a 'muddled up piece of logic', 'confused' and perhaps questionable in future validity." *Eatherton, supra* at 104. Chief Justice Urbigkit then stated, "If that is the foundation upon which this decision is structured, it sits not even on sand but only on imagination. *Grady* was a constitutional case and is now controlling." *Id.*

The *Grady* case was decided on May 29, 1990. In a dissenting opinion to the denial of certiorari in *Parker v. Arkansas*, _____ U.S. _____, 111 S. Ct. 218, 112 L. Ed. 2d 186 (1990), filed on October 1, 1990, Justice Marshall suggests that the subsequent prosecution for " 'causing the death of two or more persons in a single criminal episode' " was barred under the *Grady* case by the prior prosecution for felony murder because in the second prosecution, "the State clearly reproved the *conduct* for which the petitioner was originally convicted — breaking into the Warrens' home and killing them — in order to establish essential elements of the offense of causing the death of two or more persons in a single criminal episode." (Emphasis in original.) 111 S. Ct. at 219 n.3.

The critical question in applying the *Grady* case is to determine what the U.S. Supreme Court meant by the term "conduct." Ordinarily, conduct refers to acts as distinguished from status. In the *Harrington* case, the first offense involved possession of and the discharging of a firearm. The only *conduct* involved in the second offense was the possession of the firearm. That was *conduct* for which the defendant had already been prosecuted.

CAPORALE, J., joins in this dissent.