STATE OF NEBRASKA, APPELLANT, V. RICHARD L. CRIBBS, APPELLEE.

484 N.W.2d 84

Filed May 15, 1992.   No. S-91-177.

James S. Jansen, Douglas County Attorney, Robert C. Sigler, and Kristina B. Murphree for appellant.

Thomas M. Kenney, Douglas County Public Defender, and Kelly S. Breen for appellee.

Boslaugh, White, Caporale, Shanahan, Grant, and Fahrnbruch, JJ., and Colwell, D.J., Retired.

Per Curiam.

Defendant, Richard L. Cribbs, was arrested November 5, 1990, in Douglas County. On November 6, 1990, he was charged, by complaint, in the county court for Douglas County with operating a motor vehicle while intoxicated, a misdemeanor. On November 7, 1990, he was also charged, by information, in the district court for Douglas County with operating a motor vehicle while his operator's license was revoked, a felony offense. Both charges arose out of the November 5, 1990, arrest.

The defendant pled no contest to the misdemeanor offense on December 18, 1990, and was sentenced to 6 months' incarceration, a $500 fine, and 15 years' driver's license revocation. Defendant filed a plea in bar alleging that he had "already been convicted of the offense charged herein . . . ."

The district court sustained the defendant's plea in bar on February 13, 1991. The State timely appealed, contending the district court erred in "sustaining the defendant's motion to dismiss based on a violation of the double jeopardy clause . . . ." We reverse.

The subsequent prosecution of Cribbs in the district court does not violate double jeopardy under the holding of *Grady v. Corbin*, 495 U.S. 508, 110 S. Ct. 2084, 109 L. Ed. 2d 548 (1990), the definitive case from the U.S. Supreme Court. The Supreme Court in *Grady* refused to allow the State to "*prove the entirety of the conduct for which [the defendant] was convicted* . . . to establish essential elements of [a different felony offense]." (Emphasis supplied.) *Grady*, 110 S. Ct. at 2094. It is not necessary for the State to prove the entirety of the conduct for which Cribbs was convicted in county court (driving while intoxicated) in order to prove the elements of the driving with a revoked license charge in district court. The State seeks to show only one element (operation of a motor vehicle) of the convicted offense, not the entirety of that offense.

*Grady* held: "[T]he Double Jeopardy Clause bars any subsequent prosecution in which the government, to establish

an essential element of an offense charged in that prosecution, will prove conduct that constitutes an offense for which the defendant has already been prosecuted." *Grady*, 495 U.S. at 521. In the case before us, the only fact proved in defendant's misdemeanor conviction in county court that the State will again prove in this felony case is that defendant was driving an automobile on November 5, 1990. That fact does not constitute an offense.

We recently adopted this interpretation of *Grady* in *State v. Woodfork*, 239 Neb. 720, 478 N.W.2d 248 (1991). The facts in *Woodfork* are virtually identical to those before us. Woodfork pled no contest in the county court to misdemeanor offenses of willful reckless driving and driving while intoxicated, and then filed a plea in bar in response to an information in the district court charging him with the felony offense of driving while his operator's license was revoked.

In *Woodfork*, 239 Neb. at 728, 478 N.W.2d at 253, we stated:

The subsequent prosecution on the driving while the operator's license was revoked charge passes the *Grady* test, since the State is not required to prove the *entire* conduct for which the defendant was convicted of willful reckless driving and DWI. There was no need for the State to prove conduct which constituted reckless behavior or a state of intoxication because neither conduct is an essential element of a driving while the operator's license was revoked charge under § 39-669.07. The only conduct which needs to be proven again in a subsequent proceeding, and which is mentioned in the State's complaint, is driving upon the streets and highways. Since driving in and of itself is not unlawful and does not constitute the entire conduct for which the defendant was previously convicted, a conviction of driving while the operator's license was revoked would not violate the double jeopardy clause.

The order of the trial court dismissing the charge against defendant in the district court was in error and is reversed. The cause is remanded for further proceedings.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.

CAPORALE, J., dissenting.

I agree that under the principle announced in *State v. Woodfork*, 239 Neb. 720, 478 N.W.2d 248 (1991), the trial court erroneously sustained the defendant's plea in bar. However, I adhere to the view that the *Woodfork* majority incorrectly interpreted *Grady v. Corbin*, 495 U.S. 508, 110 S. Ct. 2084, 109 L. Ed. 2d 548 (1990).

Moreover, even if that interpretation were correct, I would hold that the trial court correctly sustained the defendant's plea in bar under the stricture of Neb. Const. art. I, § 12, that no "person shall . . . be twice put in jeopardy for the same offense." No citizen of this state ought to have to defend subsequent prosecutions for the same conduct simply because the left hand of the prosecutorial bureaucracy refuses to take the trouble to learn and coordinate with what the right hand is planning.

BOSLAUGH, J., joins in this dissent.