STATE OF NEBRASKA, APPELLEE, V. JONATHAN W. LOVEJOY,
APPELLANT.

484 N.W.2d 451

Filed May 29, 1992.    No. S-91-270.

Thomas M. Kenney, Douglas County Public Defender, and Brian S. Munnelly for appellant.

Don Stenberg, Attorney General, and Delores Coe-Barbee for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

PER CURIAM.

Defendant-appellant, Jonathan W. Lovejoy, was adjudged guilty of third-offense driving while under the influence, a violation of Neb. Rev. Stat. § 39-669.07 (Cum. Supp. 1990). He was later, in a subsequent proceeding arising out of the same driving incident, adjudged guilty of operating a motor vehicle during the period his operator's license had been revoked, also a violation of § 39-669.07. In attacking the revocation conviction, Lovejoy asserts that the district court erred in overruling his plea in bar, which he denominated as a motion to dismiss. We affirm.

Lovejoy contends that as the revocation conviction resulted from a prosecution conducted after the one in which he was tried for the operating offense, the subsequent prosecution violates U.S. Const. amend. V, which, in relevant part, reads, "nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb," made applicable to the several states by the Due Process Clause of U.S. Const. amend. XIV. *Illinois v. Vitale*, 447 U.S. 410, 100 S. Ct. 2260, 65 L. Ed. 2d 228

(1980). He also asserts the subsequent prosecution offends Neb. Const. art. I, § 12, which provides that no "person shall . . . be twice put in jeopardy for the same offense."

This appeal is controlled by our recent decisions in *State v. Cribbs, ante* p. 687, 484 N.W.2d 84 (1992), and *State v. Woodfork,* 239 Neb. 720, 478 N.W.2d 248 (1991), which ruled that the Double Jeopardy Clause of U.S. Const. amend. V prohibits a subsequent prosecution only where, in securing the first conviction, all the elements of the offense sought to be later prosecuted were necessarily proved in the first prosecution. See, also, *United States v. Felix,* ____ U.S. ____, 112 S. Ct. 1377, 118 L. Ed. 2d 25 (1992) (reiterating that mere overlap in proof between two prosecutions does not establish a double jeopardy violation). We now adopt the same analysis and reach the same conclusion with respect to the Double Jeopardy Clause contained in Neb. Const. art. I, § 12, as we did with respect to the Double Jeopardy Clause of U.S. Const. amend. V.

In order to prove that one was driving under the influence, the State must, in the words of § 39-669.07(1), establish that the accused was

> operat[ing] or . . . in the actual physical control of any motor vehicle:
>
> (a) While under the influence of alcoholic liquor or of any drug;
>
> (b) When such person has a concentration of ten-hundredths of one gram or more by weight of alcohol per one hundred milliliters of his or her blood;
>
> (c) When such person has a concentration of ten-hundredths of one gram or more by weight of alcohol per two hundred ten liters of his or her breath; or
>
> (d) When such person has a concentration of ten-hundredths of one gram or more by weight of alcohol per one hundred milliliters of his or her urine.

On the other hand, in order to establish that one was driving while his or her operator's license was revoked, the State must prove, in the words of § 39-669.07(5), that the accused was "operating a motor vehicle on the highways or streets of this state while his or her operator's license has been revoked

pursuant to subdivision (2)(c) of this section . . . ." Subdivision (2)(c) provides that one convicted two or more times within a 10-year period of driving while under the influence shall have his or her operator's license revoked for a period of 15 years.

It is obvious from the text of § 39-669.07 that in securing the earlier conviction for driving while under the influence, the State was required to prove not only that Lovejoy was either driving or had actual physical control of a motor vehicle but in addition that he was either under the influence of alcohol or drugs or had more than the proscribed concentration of alcohol in his blood, breath, or urine. Driving under a revoked license is not an element of the offense of driving while under the influence of alcohol or drugs. Nor is the use of alcohol or drugs an element of the offense of driving while one's operator's license is revoked. Thus, the State was not required to prove in the second prosecution (driving while his operator's license had been revoked) all the elements needed to succeed in the first prosecution (driving while under the influence).

Accordingly, the district court did not err in overruling Lovejoy's plea in bar.

AFFIRMED.

CAPORALE, J., dissenting.

I adhere to the views expressed in my dissent in *State v. Cribbs, ante* p. 687, 484 N.W.2d 84 (1992), and Judge Boslaugh's dissent in *State v. Woodfork*, 239 Neb. 720, 478 N.W.2d 248 (1991), in which I joined. Having expressed those views, I do not intend to continue to reiterate them as dissents in the future.

BOSLAUGH, J., joins in this dissent.