STATE OF NEBRASKA, APPELLEE, V. DONALD R. GRIMM, APPELLANT.

484 N.W.2d 830

Filed June 5, 1992.    No. S-91-147.

Richard J. Epstein for appellant.

Don Stenberg, Attorney General, and Donald A. Kohtz for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

PER CURIAM.

Donald R. Grimm appeals the order of the district court denying his plea in bar. We affirm.

The issue presented here is one of law, and "appellate courts are required to review questions of law de novo on the record." *Workman v. Stehlik*, 238 Neb. 666, 668-69, 471 N.W.2d 760, 762 (1991).

On October 7, 1990, Grimm was arrested in Omaha and charged with the subject charge, operating a motor vehicle while his license was suspended, in violation of Neb. Rev. Stat. § 39-669.07 (Cum. Supp. 1990), a Class IV felony. On the same day, Grimm was also charged under § 39-669.07 with third-offense driving while intoxicated, a Class W misdemeanor. On October 30, 1990, Grimm pleaded guilty in county court to the charge of driving while intoxicated.

The felony charge, driving under suspension, was filed in district court. On December 12, 1990, Grimm filed a plea in bar, arguing that the Double Jeopardy Clause of the Fifth Amendment, as interpreted in *Grady v. Corbin*, 495 U.S. 508, 110 S. Ct. 2084, 109 L. Ed. 2d 548 (1990), and as incorporated into this state's jurisprudence in *State v. Harrington*, 236 Neb. 500, 461 N.W.2d 752 (1990), prohibited his prosecution for the driving under suspension charge because it was based upon the same conduct as the driving while intoxicated charge, for which he had already been convicted.

This case is controlled by *State v. Woodfork*, 239 Neb. 720, 478 N.W.2d 248 (1991), which interpreted *Grady v. Corbin, supra*, as prohibiting a subsequent prosecution under the Double Jeopardy Clause of the Fifth Amendment to the U.S. Constitution *only* where the State, in securing a conviction for one offense, *necessarily* has proved the conduct comprising *all* of the elements of the subsequent offense not yet prosecuted. *State v. Woodfork, supra*, also disapproved the holding in *State v. Harrington, supra*, to the extent that it was in conflict with

that rule. Like *State v. Woodfork, supra*, the only conduct here common to both offenses was driving an automobile. Each offense, driving under suspension and driving while intoxicated, required conduct additional to and different from the other.

The judgment of the district court is affirmed.

AFFIRMED.